## ZADOK FRENCH

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1.  EXCEPTIONS—*allowed in criminal cases.* Exceptions may be taken in criminal cases, and bills of exceptions shall be signed and sealed by the judge and entered of record, and error may be assigned thereon as in civil cases.

2.  APPEAL *in criminal cases.* But no provision seems to be made for an appeal in criminal cases, and in the absence of any statute expressly allowing it, a writ of error is the only mode by which a case of that character can be brought to this court.

3.  SAME—*waiver of objection.* On appeal to this court in a criminal case, if there should be an appearance or joinder in error by the people, it might, perhaps, be considered as pending on error, and be taken for decision.

APPEAL from the Circuit Court of Jefferson county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Mr. E. V. SATTERFIELD, and Mr. C. H. PATTON, for the appellant.

Per CURIAM: This was an indictment for selling spirituous liquors in a less quantity than one gallon, contrary to the form of the statute. On the trial, defendant was found guilty on three counts, and the court assessed a fine against him of $10 and costs on each count. Defendant excepted to the judgment. and prayed an appeal to the Supreme Court, which was allowed by the circuit court. His exceptions were preserved in a bill of exceptions, signed and sealed by the judge, and subsequently an appeal bond was filed.

Exceptions may be taken in criminal cases, and bills of exceptions shall be signed and sealed by the judge, and entered of record, and error may be assigned thereon by the defendant the same as in civil cases. R. S. 1874, p. 411, sec. 437. But no provision seems to be made for an appeal, and unless there is some statute expressly allowing it, no appeal, it is apprehended, will lie. A writ of error is the only mode by which the case can be brought before this court.

The people are not bound to follow the appeal. Had there been an appearance or joinder in error on behalf of the people, we might, perhaps, treat the case as pending on error, and take it for decision, but there has been neither an appearance nor a joinder in error, and hence the appeal must be dismissed.

*Appeal dismissed.*