# WILLIAM R. INGRAHAM

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. APPEALS *in criminal cases—whether appeal will lie—and to what court.* Under the statutory enactments in force since July 1, 1879, appeals from and writs of error to the circuit courts, etc., in all criminal cases below the grade of felony, must be taken directly to the Appellate Court, and not to this court.

2. Prior to the first of July, 1879, an appeal did not lie to this court in a criminal case.

3. SAME—*statutes construed.* The provisions of section 8 of the Appellate Court act and section 88 of the Practice act of 1877, that appeals from and writs of error to circuit courts, and the Superior Court of Cook county and city courts, might be taken directly to the Supreme Court, in all criminal cases and cases in which a franchise or freehold was involved, are not to be construed as giving a right of appeal in a criminal case, but only as allowing appeals and writs of error to this court in those several enumerated cases according as appeals and writs of error lay in such cases under the then existing laws, namely: a writ of error in criminal cases, and in the other cases named both a writ of error and an appeal, and not requiring those cases to be first taken to the Appellate Court.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

Mr. A. E. WHEAT, and Mr. GEORGE SIMMONS, for the appellant.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This appeal must be dismissed, as not rightfully taken.

The act amendatory of the Practice act, approved June 3, 1879, (Laws 1879, p. 222,) amends the 88th section of the Practice act as follows: "Appeals from and writs of error to circuit courts, the Superior Court of Cook county, the Criminal Court of Cook county, county courts and city courts, in all criminal cases below the grade of felony, shall be taken directly to the Appellate Court," etc. This case, being one of a misdemeanor, comes within this provision.

It is true that the appeal was allowed by the circuit court on the 4th day of March, 1879, and an appeal bond was filed on the following 6th day of March, and the act did not go into effect until July 1, 1879; and had the case been one in which an appeal lay to this court at the time this one was allowed, or had the transcript of the record been filed in this court before July 1, 1879, we might, perhaps, have entertained jurisdiction.

But the record was not filed in this court until December 31, 1879.

At the time this appeal was allowed by the circuit court, an appeal did not lie to this court in a criminal case. Although the 8th section of the Appellate Court act and the 88th section of the Practice act of 1877 provided that appeals from and writs of error to circuit courts, and the Superior Court of Cook county and city courts, might be taken directly to the Supreme Court, in all criminal cases and in cases in which a franchise or freehold or the validity of a statute was involved, we do not construe those sections as giving a right of appeal in a criminal case, but only as allowing appeals and writs of error to this court in those several enumerated cases, according as appeals and writs of error lay in said cases, respectively, under the then existing laws, to-wit: a writ of error in criminal cases, and in the other cases named, both a writ of error and an appeal, and not requiring such cases to be first taken to the Appellate Court.

The only mode of removal of a criminal case to the Supreme Court, at that time, was by writ of error, and the aforenamed sections made no alteration of the law in that respect. They were provisions merely regulating appeals and writs of error as between the Appellate and Supreme courts, prescribing to which particular court they were to be taken. It was not the purpose to give a new right of appeal in any case in which an appeal had not before been given.

*Appeal dismissed.*