### WILLIAM SMITH
#### *v.*
### THE PEOPLE OF THE STATE OF ILLINOIS.

*Mt. Vernon, May Term, 1881.*

WRIT OF ERROR *to an Appellate Court—in criminal cases.* Writ of error to bring in review criminal cases below the grade of felony, can issue, in the first instance, only out of an Appellate Court, under section 88 of the Practice act, as amended in 1879; but a judgment of affirmance in an Appellate Court, in a case within that class, may be reviewed in the Supreme Court on writ of error to the Appellate Court.

WRIT OF ERROR to the Appellate Court for the Fourth District.

This was a prosecution instituted in the county court of White county, against Smith, upon the charge of resisting an officer. A trial in the county court resulted in the conviction of the defendant, whereupon the court imposed a fine of

$15, and sentenced the defendant to imprisonment in the county jail for one hour. The defendant thereupon appealed to the Appellate Court, where the judgment of the county court was affirmed. The case is brought to this court for review, upon writ of error to the Appellate Court.

Mr. JAMES McCARTNEY, Attorney General, for the People, moved to dismiss the writ of error, upon the ground of a want of jurisdiction in this court.

Mr. R. A. D. WILBANKS, for the plaintiff in error, *contra.*

SCHOLFIELD, J.: The motion to dismiss the writ of error must be denied. Section 11 of article 6 of the constitution of 1870, providing for the creation of "inferior appellate courts," declares that writs of error shall lie to such courts from this court "in all criminal cases." This is a criminal case, though below the grade of felony. The writ of error to the Appellate Court, in such cases, is a writ of right, under the constitution, of which the party can not be deprived by legislation. Section 88 of the Practice act, as amended in 1879, requires "all criminal cases below the grade of felony," to be taken directly from the trial courts to the Appellate Court, but this requirement does not operate to deprive the party charged with any criminal offence of his right to a writ of error from this court, nor does it take away the jurisdiction of this court to entertain the writ. In this regard the statute merely constitutes the Appellate Court an intermediate court of review, whose decisions are not final in this class of cases.

*Motion denied.*