THE PEOPLE OF THE STATE OF ILLINOIS

*v.*

THE ST. LOUIS AND CAIRO RAILROAD COMPANY.

*Filed at Springfield May 9, 1883.*

APPEAL—*in suit against a railroad company for unjust discrimina-
tion—to what court.* An action of debt, brought by the State's attorney
in the circuit court, against a railroad company, for the recovery of penal-
ties for alleged extortion and unjust discrimination, which is dismissed by
the court, not being a criminal case above the grade of a misdemeanor, and
not involving a franchise, or freehold, or the validity of a statute, or con-
struction of the constitution, and not relating to the revenue, and the State
not being interested in it, as a party or otherwise, when the only question
involved is the right of the State's attorney to bring the suit, no appeal lies
directly to this court. In such case the appeal should be to the Appellate
Court.

APPEAL from the Circuit Court of Alexander county; the
Hon. DAVID J. BAKER, Judge, presiding.

Mr. JAMES McCARTNEY, Attorney General, Mr. J. M. DAMRON, State's Attorney, and Mr. ANGUS LEEK, for the People.

Messrs. JUDD & WHITEHOUSE, for the appellee.

Per CURIAM:   This was an action of debt, commenced in the circuit court of Alexander county by the State's attorney of that county, in the name of the People of the State of Illinois, against the St. Louis and Cairo Railroad Company, for the recovery of penalties for alleged extortion and unjust discrimination, in violation of the "Act to prevent extortion and unjust discrimination," etc., by railroad companies, passed May 2, 1873. (Rev. Stat. 1874, p. 816.) The circuit court, on motion by the defendant, dismissed the case, on the ground of want of authority in the State's attorney, of his own motion, to bring the suit, and the plaintiff took this appeal directly to this court.

The appeal must be dismissed for want of jurisdiction in this court to entertain it.   The appeal should have been taken to the Appellate Court.   The case not being a criminal case above the grade of a misdemeanor, and it not involving a franchise, or freehold, or the validity of a statute, or construction of the constitution, and not relating to the revenue, and the State not being interested in it; as a party or otherwise, it is not one of the cases in which an appeal may be taken directly to this court.   Laws of 1879, p. 222.

The appeal is dismissed, with leave to appellant to withdraw the transcript of the record, and to file the same in the Appellate Court, if so desired.

*Appeal dismissed.*