## SAMUEL ANDERSON ET AL.
### V.
## THE PEOPLE.

*Criminal Law—Appeal—Sec. 21, Chap. 54, R. S.*

28  317
71  561

1.  No appeal lies in criminal cases, a writ of error being the only mode by which such cases can be brought before this court. This rule applies to prosecutions for misdemeanors.

2.  A prosecution under Sec. 21, Chap. 54, R. S., for rescuing cattle after they had been impounded, is a criminal prosecution.

[Opinion filed December 8, 1888.]

APPEAL from the County Court of La Salle County; the Hon. FRANK P. SNYDER, Judge, presiding.

Mr. SAMUEL RICHOLSON, for appellants.

Messrs. MOLONEY & STEAD, for appellee.

LACEY, P. J.   This was a prosecution instituted before a justice of the peace under Sec. 21, Chap. 54, R. S., entitled " Fences," for rescuing cattle after they were taken up and impounded.   Upon appeal to the Circuit Court and transfer to the County Court by agreement, the case was tried, and resulted in a conviction and fine against the appellant for $60.

From such judgment this appeal is taken.

A motion by the appellee was made in term time herein to dismiss the appeal, and for cause, claimed that no appeal was allowed by the statute in criminal cases, of which this was one. The motion was held under advisement by this court to the hearing.   After careful examination we have become satisfied that the motion must be sustained.   This is not a civil but criminal action—a misdemeanor.   Under the Constitution the appellant has a right to a writ of error from this court, but not an appeal to it.   Smith v. The People, 98 Ill. 407.   See also Bowers v. Green, 1 Scam. 42.   Appeals are not allowed by statute in criminal cases.   French v. The People, 77 Ill. 531.

In the last cited case the court say: "No provision seems to be made for an appeal, and unless there is some statute expressly allowing it, no appeal, it is apprehended, will lie. A writ of error is the only mode by which the case can be brought before this court. * * * Had there been an appearance and joinder in error on behalf of the people, we might, perhaps, treat the case as pending on error; but there has been neither an appearance nor joinder in error, hence the appeal will have to be dismissed."

It is claimed by appellees that in The People v. St. Louis & Cairo R. R., 106 Ill. 412, the Supreme Court has decided that appeals in misdemeanors may be taken to the Appellate Court. We do not regard that decision as so holding. There was no question raised in the case that no appeal would lie, only that the Supreme Court had no jurisdiction; and the court refers to the Appellate Court Act of 1879, Laws 1879, p. 222, for authority as to jurisdiction. The court held that the appeal should be taken to the Appellate Court. In Ingraham v. The People, 94 Ill. 428, the court held that the above statute did not authorize an appeal in a criminal case, but only allowed appeals and writs of error to the Supreme Court in those several enumerated cases, according as appeals and writs of error lay in said cases respectively, under the then existing laws, to wit, a writ of error in criminal cases, and in other cases named, both a writ of error and an appeal. Neither the Appellate Court Act of 1879, or as amended in 1887, allows appeals in criminal cases. It must receive the same construction as given by the Supreme Court in the last case cited, allowing appeals and writs of error to that court. The object of the statute was, not to create a new right of appeal or writ of error, but simply to direct to what court appeals and writs of error already allowed might be taken. The appellee insists that this case is not a criminal case, but a *qui tam* action.

We do not so understand it. It is a criminal case below the grade of felony; a misdemeanor. There appear to be only two grades of criminal cases; that of felony and misdemeanor. Therefore the appeal herein is ordered to be dismissed.

*Appeal dismissed.*