ANDREW W. BONNER

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Contempt—Order of Court—Failure to Obey—Practice.*

1. The imposition of a fine for contempt, is the rendering of a judgment in a criminal case, and the mode provided by law for obtaining a review in such a case is by writ of error and not by appeal.

2. A joinder in error, is a waiver of the objection that the case presented is brought before this court by appeal, instead of by writ of error.

3. A witness will not be punished for contempt for failing to attend as a witness in a civil case unless his fees have been paid or tendered.

4. A party made a witness by his adversary is as much entitled to fees as a condition precedent to creating a duty to attend, as a third person.

5. Orders on which process for contempt may afterward issue, should be personally served.

6. It seems that where, during the progress of a suit, a person is ordered by the court to appear before a proper officer to testify as a witness, he will have no claim for fees.

[Opinion filed June 2, 1891.]

Appeal from the Superior Court of Cook County; the Hon. Henry M. Shepard, Judge, presiding.

Messrs. C. E. Cruikshank and Fred H. Atwood, for appellant.

Messrs. Tenney, Coffeen & Church, and Charles L. Billings, for appellees.

Moran, P. J.   Bonner was fined $25 in the Superior Court for alleged contempt in disobeying an order of the court commanding him to appear before a notary public to testify as a witness.

The imposition of a fine for contempt, is the rendering of judgment in a criminal case, and the mode provided by law for obtaining a review in such a case is by writ of error and not by appeal; but as errors have been assigned on the record which has been filed here, and as counsel for the prosecution have argued the errors thus assigned on the merits in their brief, we may treat the case as here on writ of error, and disregard the irregularity.   De Beukelaer v. The People, 25 Ill. App. 460.

Said Bonner was defendant in a creditor's bill, and having answered the bill, notice was given by complainant's solicitors that they would take his—said defendant's—deposition before a certain notary public.   A subpœna issued by the notary at the instance of complainant in the suit, was served upon defendant, requiring him to appear and testify before him on May 15, 1890.   He did not appear, and on May 17th the notary filed his report in the Superior Court, stating the fact of service of the subpœna on defendant, and his neglect and refusal to appear, and an attachment against defendant for contempt in failing to obey the subpœna was asked for.   The matter was continued till May 20th, and on that day was called up, a notice that it would be so called up having been served on Bonner's solicitors, but not on him personally, so far as appears from the record.

On said 20th day of May the court entered this order in the creditor's bill case: "On motion it is ordered that Andrew W. Bonner appear as a witness before A. A. Oldfield, a notary public, at room 819 Home Insurance Company Building, Chicago, at 3 o'clock P. M., May 27, 1890, to testify herein."

Defendant did not attend as required in said order, and on report of that fact to the court by the notary, an attachment was issued for him, and he was arrested, and on June 7, 1890, the following order was entered: "The defendant, Andrew W. Bonner, being this day brought into court under the writ of attachment for contempt of this court heretofore issued against him, and failing to purge himself of said contempt, it is ordered by the court that said defendant, Andrew W. Bonner, be and he is hereby fined the sum of $25 for contempt of court."

Defendant could not be held guilty of contempt for failing to attend before the notary in obedience to the subpœna, for the reason that no fees were tendered to him at the time the subpœna was served.

The complainants made defendant its witness and subpœnaed him to testify in its behalf.

A witness will not be punished for contempt for failing to attend as a witness in a civil case unless his fees have been paid or tendered.

"And a party made a witness by his adversary is as much entitled to fees as a condition precedent to creating a duty to attend, as a third person." Rapalje, Law of Witnesses, Sec. 302, and cases cited.

It is true that it was in the power of the court, in the progress of the suit, to order defendant to appear before a proper officer and submit to an examination, and in such case, probably, he would have no claim for fees. But the order which the court did enter does not appear to have been brought to the knowledge of the defendant. Notice was served on his solicitors that the motion for an attachment would be called up, and then instead of ordering an attachment for the refusal to obey the subpœna, the court entered

L. S. & M. S. Ry. Co. v. Hoffert.

an order directing defendant to appear as a witness on a day named. It does not appear that defendant was in court when said order was entered, or that any copy of it was ever served upon him. Orders on which process for contempt may afterward issue, should be personally served. 1 Dan., Ch. Pr., 453; Rapalje on Contempts, Sec. 87, 88; Loup v. Gould, 17 Hun, 585.

A party can not be in contempt for disobeying an order unless he has knowledge of it. The record wholly fails to show that defendant had such knowledge of the order, for disobedience to which he has been fined.

As the facts are made to appear in this record, the judgment for contempt was not warranted, and the same must be reversed.

*Judgment reversed.*