## Frank Ferrias v. People, etc.

1. APPEALS AND ERRORS—*In Criminal Cases.*—A writ of error is the only mode provided by law by which the judgment of the trial court, in a criminal case, can be reviewed.

2. SAME—*Errors Waived by an Argument upon the Merits.*—An argument by an appellee upon their merits, of the errors assigned upon the record in a criminal case, is equivalent to a formal joinder in error, and where such an argument is made, the court may disregard an irregular attempt to bring the case up by appeal and may treat it as pending upon a writ of error.

3. CRUELTY TO ANIMALS—*Failure to Provide Proper Food and Shelter.*—A defendant can not be convicted of a charge of cruelty in unlawfully killing an animal by failing to provide it with proper shelter, where the proof shows he killed it with a blow from a sledge hammer as an act of mercy.

4. SAME—*The Word " Unnecessarily " in Counts on Failure to Provide Food and Shelter.*—The word " unnecessarily " is a material part of the third clause of Sec. 50 of the Criminal Code, which provides that one may be guilty of cruelty to animals " by unnecessarily failing to provide any animal in his charge * * * with proper food, drink and shelter; " and a count drawn under that clause which does not contain that word or an equivalent thereto should be quashed on motion.

**Information**, for cruelty to animals. Appeal from the County Court of Livingston County; the Hon. CHARLES M. BARICKMAN, Judge, presiding. Heard in this court at the May term, 1897. Reversed. Opinion filed September 20, 1897.

C. C. & L. F. STRAWN, attorneys for appellant.

RAY BLASDEL, state's attorney, for appellee.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

The state's attorney filed in the court below an information charging Frank Ferrias with cruelty to animals. There were four counts in the information, and defendant moved to quash each of them, which motion being overruled he pleaded not guilty. He was tried before a jury and found guilty under the second count. He severally moved for a new trial and in arrest of judgment, which motions were denied, and he was fined and ordered committed to the county jail till fine and costs were paid. Thereupon defendant prayed an appeal to this court, which prayer the County Court granted, and he filed an appeal bond as required by said court.

A writ of error is the only mode provided by law by which the judgment of the trial court in a criminal case can be reviewed. French v. The People, 77 Ill. 531. Section 8 of the Appellate Court act, and section 88 of the practice act, in substance provide that appeals from and writs of error to the Circuit Courts, County Courts, etc., in all criminal cases below the grade of felony shall be taken directly to the Appellate Court, and in all criminal cases above the

grade of misdemeanor shall be taken directly to the Supreme
Court.   Yet our Supreme Court, after these enactments had
been made, held in Ingraham v. The People, 94 Ill. 428, that
they were not to be construed as giving an appeal in a
criminal case, but were merely provisions regulating appeals
and writs of error as between the Appellate and Supreme
Courts, prescribing to which particular court they were to
be taken, and that it was not the purpose of the legislature
by said enactment to give a new right of appeal in any case
in which an appeal had not before been given.   That
decision was followed by this court in Anderson v. The
People, 28 Ill. App. 317.   Therefore if a motion to dismiss
this appeal had been interposed it would have been granted.
But counsel for appellee has filed briefs arguing the case
upon the merits.   By that course he has waived the right to
a dismissal.   Dinet v. The People, etc., 73 Ill. 183.   Where
an appellee or defendant in error argues upon their merits
the errors assigned upon the record, this is equivalent to a
formal joinder in error.   DeBeukelaer v. The People, 25
Ill. App. 460.   Where there has been a formal joinder in
error or an equivalent thereof, the Appellate Court may dis-
regard the irregular attempt to bring a case up by appeal,
and may treat it as pending upon a writ of error.   Bonner
v. The People, 40 Ill. App. 628.

The conviction under the second count only, was an
acquittal under all the other counts.   Two questions are pre-
sented as to the second count:   First, does it contain suffi-
cient averments to support the judgment; and second, were
its material allegations proved ?   The second count must
have been drawn under either the first or third clause of
section 50 of the criminal code.   Said section, so far as
material to this case, reads as follows: " Sec. 50.   Whoever
shall be guilty of cruelty to any animal in any of the
ways mentioned in this section shall be fined not less than
$3 nor more than $200, viz.: first, by  *  *  *  cruelly
killing any animal;  *  *  *  third, by unnecessarily failing
to provide any animal in his charge or custody, as owner
or otherwise, with proper food, drink and shelter." The

second count charged that defendant " was guilty of cruelty to a certain animal, to wit, a pony horse, by then and there unlawfully causing the death of the said animal by then and there failing to provide the said animal with proper shelter," said animal being then and there in charge of said defendant.

It appears from the evidence defendant bought a span of ponies, had them in pasture till late in the fall, and then put them in a barn or stable he had rented, and had kept them there a considerable time before the occurrences here in question. The stable seems to have been a sufficient place of shelter, except that witnesses testified it was not kept properly cleaned out, and except that both animals were kept in the same stall, which, in the opinion of part of the witnesses, was not sufficiently wide for them. The day before this animal was killed it was outside of the stable, loose. This was in February. The pony was evidently very thin and weak, and in a poor condition, and was more than fifteen years old. While so running loose outside it got down and could not get up. There is an apparent conflict in the evidence as to whether the animal was discovered down, and defendant notified in the morning or the evening. It was evening when defendant went to her. He could not get her up. Some one put a blanket over her, and defendant left her there all night. The evidence is understood to show she was under a shed some twenty feet from the stable when she was thus left, though she seems to have moved some distance during the night in her efforts to rise. No one testifies defendant could have got the animal up, or could have got her into the stable when he so found her down. If he failed to give the animal proper food, either that night or prior to that time, that charge was made in each of the three counts under which defendant was acquitted, and not in the second count under which he was convicted. The next morning defendant found the animal still down, and killed her with a blow from a sledge hammer. If it is claimed defendant was guilty of cruelly killing said animal in violation of the first clause of said section 50, then the conviction can not be sustained, because the undisputed

evidence is, the animal was killed by a blow from an axe, and not by a failure to give it proper shelter, as charged in the second count. Whether the animal would have died because of its enfeebled condition and lack of shelter, if the owner had not killed it, is a mere matter of conjecture. It did not die from that cause. Besides, it can not be said from the evidence that it was cruel to kill the animal. It seems instead to have been an act of mercy. If the conviction is sought to be sustained under the third clause, then the words " by then and there unlawfully causing the death of said animal," must be rejected as surplusage, for causing the death of the animal is not the offense aimed at by said third clause. With those words rejected, it is clear the court will not sustain a conviction. The offense under the third clause consists in " unnecessarily " failing to provide the animal with proper shelter. The word " unnecessarily " is omitted from the second count, and that word describes an important element of the offense. Counsel for the people seeks to have the court interpret the word " unlawfully " as an equivalent and substitute for " unnecessarily." The meanings of the two words are very different, and the charge is not that he unlawfully failed to provide shelter, but unlawfully caused the death of the animal. But if the charges were that defendant unnecessarily failed to provide the animal with proper shelter, a conviction thereof could not be sustained upon this evidence, for he had provided a stable, which was evidently sufficient shelter, whatever its other defects may have been, but he could not get the animal to it. It may be the proof would have justified the jury in finding defendant guilty of cruelty to this animal in not providing it with proper food, and in permitting it to become so weak, as charged in the other counts, but the jury have acquitted defendant of that offense. We are of opinion the second count does not charge defendant with a violation of the statute, and should therefore have been quashed, and also that the charge therein made is not supported by the proofs.

For the reasons stated the judgment will be reversed, and defendant discharged.