### Harry L. Hollister v. The People of the State of Illinois.

#### Gen. No. 11,529.

1.  ATTACHMENT FOR CONTEMPT—*when, is improper for failure to obey subpœna.* By statute, the report of the master is made the basis of the order of attachment against one wilfully neglecting to obey a subpœna issued by such master. Such report, therefore, must contain the necessary elements to warrant the court in ordering the attachment.

Hollister v. The People.

2. ATTACHMENT FOR CONTEMPT—*what prerequisite to, for failure to obey subpœna*. An attachment for contempt for failure to obey a subpœna should not be ordered where it does not appear that the respondent was paid or tendered his fees.

3. PUNISHMENT FOR CONTEMPT—*what essential to inflict*. The imposition of a fine or the sentencing to prison for contempt is the rendering of a judgment in a criminal case. In such case, therefore, the guilt of the respondent should be established beyond a reasonable doubt.

Creditor's bill proceeding. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1903. Reversed and remanded. Opinion filed October 10, 1904.

**Statement by the Court.** Appellant was defendant to a creditor's bill in which appellee was complainant, which was referred by the court to a master to take proofs and report to the court. April 22, 1903, the master filed a report in the office of the clerk of the court, stating, in substance, that August 17, 1903, he issued a subpœna, in the cause of Marie L. Sobra v. Harry L. Hollister, et al., theretofore referred to him, commanding said Hollister to appear before him August 19, 1903, at ten o'clock A. M., there to testify in said suit; that said subpœna was, August 17, 1903, duly served on said Hollister, and that, at the hour set for said hearing, the complainant attended with her solicitor, in order to go on with the taking of testimony; but said Hollister failed to obey said subpœna, and did not appear. The subpœna and affidavit of service are attached to and made part of the master's report. The subpœna is in the usual form and is signed by the master. Endorsed on the subpœna is the following affidavit:

" STATE OF ILLINOIS,  ⎰
   Cook County.  ⎱ SS.

Marie L. Sobra, being first duly sworn, deposes and says, she served the within named Harry Hollister with the subpœna, by reading the same to him, and leaving a copy of the same with him, at his place of residence on August 17, 1903, at Chicago, Illinois." The foregoing was sworn to before a notary public.

On the filing of the foregoing affidavit the court ordered

a writ of attachment to issue. Appellant, by his attorney, moved to quash the writ, on the ground, among others, that his witness fee had not been paid or tendered, which motion the court overruled, and the presiding judge said he would hear appellant's answer. Appellant's counsel then read an affidavit of appellant, in substance as follows: That August 16, 1903, he saw Mr. Samuels, his solicitor, and was informed by him that he was going out of the city in a few days, and that there was no danger of the matter in controversy coming up for hearing while he was away; and that he, Samuels, also understood from the complainant's solicitor that nothing would be done; that in the afternoon of August 17, 1903, Marie L. Sobra came to his residence with a subpœna from the master, and remained there until six o'clock or later, when affiant reached home, and that she handed the subpœna to him, but did not read it, and that she neither paid nor offered to pay to him any witness fees, nor said anything to him about witness fees; that August 18, 1903, affiant inquired at his solicitor's office and found he was still absent from the city, and again, at nine o'clock A. M. the next day he was still unable to find said solicitor at his office, and that owing to the information which he had received from his solicitor that there would be nothing done during his said absence, and the fact that no witness fees had been paid to him, and believing he had a right to have his solicitor at any hearing of the cause, and having been advised that it was vacation, he did not appear before the master.

Appellant's counsel read another affidavit to the effect that August 20, 1903, said Marie L. Sobra went to his house, exhibited a paper to him, and said she had a paper for his arrest. The complainant, Sobra, called as a witness by appellee, testified that she read the subpœna to appellant and told him she had $1.60 for him and handed it to him, and he laughed and said, " I don't want that; I will be there." Appellant, called as a witness for himself, testified that Sobra handed him the subpœna, but did not read it to him, and that he put it in his pocket and read it after

Sobra had gone; also, that she said nothing to him about fees or money. He further testified that, after failing to find his solicitor, as above stated, he consulted another attorney, who advised him that he was not bound to pay any attention to the subpœna. The court, at the conclusion of the evidence, sentenced appellant to jail for five days, or until discharged by due process of law.

LAWRENCE P. BOYLE, for appellant.

No appearance for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

By section 36 of chapter 51 of the Revised Statutes, the report of the master is made the basis for the order of attachment against one who wilfully neglects to obey a subpœna issued by the master. The master's report, therefore, must contain the necessary elements to warrant the court in ordering an attachment. In this case it merely shows the issuing of the subpœna, and the service of it by Sobra, the complainant in the suit in which the subpœna was issued. The report fails to show that appellant's witness fees were paid or tendered to him. In Rapalje on Contempts, section 61, the author says: "As a general rule a witness will not be punished for contempt, in failing to attend the trial of a civil action, unless his fees have been paid or tendered." See, also, Bonner v. The People, 40 Ill. App. 628. It has been the practice in the trial courts to require the payment or tender of fees before issuing attachments for witnesses. The master's report not showing that appellant's witness fees were paid or tendered, the court should have quashed the attachment, on appellant's motion. But considering the case on its merits, we cannot sustain the judgment. The imposition of a fine, or the sentencing to prison for contempt, is the rendering of judgment in a criminal case (Bonner v. The People, *supra*), and in such case the guilt of the party should be established beyond reasonable doubt. Appellant cannot be held guilty unless his fees were paid or tendered. As to whether they

were tendered, his evidence and that of Sobra directly conflict. But the circumstance remains that Sobra, in her affidavit of service, does not mention the tender of any money to appellant. If, as she says in her testimony, she tendered $1.60 to appellant, this must have been because she thought the tender necessary to secure his attendance, and, if she so thought, it is somewhat remarkable that she did not mention the tender in her return of the writ. Doubtless her attorney drafted her affidavit of service, after being informed by her as to what she had done. We do not think the tender of witness fees to appellant proved beyond a reasonable doubt. It does not seem to us, from the evidence, that appellant, in view of what his solicitor and another attorney had told him, was contumaciously disobedient, or had any guilty intent, or that he was unwilling, at the time of the rendition of the judgment, to go before the master and submit to examination.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*