## Charles Griffith v. The People of the State of Illinois.

APPEAL—*does not lie in criminal case.* A writ of error is the only mode by which the judgment of the trial court in a criminal case may be brought to the Appellate Court for review, and where the

People do not appear upon an appeal taken from the criminal case a dismissal will follow.

Criminal prosecution under Dram-Shop Act. Appeal from the Circuit Court of Bond County; the Hon. JOSEPH E. STORY, Judge, presiding. Heard in this court at the August term, 1906. Appeal dismissed. Opinion filed March 15, 1907.

C. E. COOK, for appellant.

No appearance for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This was an indictment with five counts for selling intoxicating liquors to a minor contrary to the Dram-Shop Act, to which the defendant pleaded not guilty. A jury was waived and on trial by the court the defendant was found guilty on one count and fined $20. Defendant prayed for and was allowed an appeal to this court. Exceptions to finding and judgment of the court were duly preserved by bill of exceptions signed and sealed by the judge. The bill of exceptions and appeal bond approved by the clerk were filed within the time fixed by the court.

The statute has made no provision for an appeal in a criminal case. A writ of error is the only mode by which the judgment of the trial court in a criminal case may be brought to this court for review. Ingraham v. The People, 94 Ill., 428; Ferrias v. The People, 71 App., 559; Weare Com. Co. v. The People, 111 App., 116. There being no right to an appeal the People were not bound to follow the case to this court even to move for a dismissal. There being no appearance by the State's attorney by brief and argument, or otherwise, the appeal must be dismissed. It has been so ruled by the Supreme Court. French v. The People, 77 Ill., 531.

*Appeal dismissed.*