**People of the State of Illinois, Defendant in Error, v. Walter E. Healey, Plaintiff in Error.**

Gen. No. 4,887.

1. CONTEMPT—*when witness not guilty of, for failure to obey subpœna.* No witness can lawfully be punished for failure to obey a subpœna requiring his attendance upon court unless his witness fees have been paid or tendered to him or unless he has waived the same.

2. FEES—*what not waiver by witness.* After a witness has failed to appear in response to a subpœna he does not waive his right to fees by failing to assign as his reason for not appearing a failure to pay or tender him his fees, where his failure to state such a reason is with respect to a person to whom he is under no obligation to state the facts.

Contempt proceedings. Error to the County Court of McHenry County; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in this court at the October term, 1907. Reversed. Opinion filed March 11, 1908.

ERNEST C. LUTHER, for plaintiff in error.

L. D. LOWELL, for defendant in error.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of
the court.

A petition to probate a will was filed in the County Court
of McHenry county. One of the witnesses to the execution
of the will, Walter E. Healey, lived in Elgin, Kane county.
The person who presented the petition for the probate of the
will obtained from the clerk of the court a subpœna for the
attendance of said witness, directed to the sheriff of Kane
county to serve and the same was served upon Healey. He
did not appear in obedience to the subpœna. A petition was
then filed in the County Court for an attachment against him
for contempt, and an attachment issued. He was arrested
and brought before the County Court of McHenry county.
He filed a sworn answer setting up his reasons for not ap-
pearing. There was a hearing upon proofs presented. He
was adjudged guilty of contempt and fined $25. This is
a writ of error sued out by Healey to review said judg-
ment.

Among other reasons set up in his answer why the judg-
ment is not maintainable, is that when the subpœna was
served upon him by the deputy sheriff of Kane county, he
inquired of said deputy so serving said writ upon him,
whether he would pay his fees and charges as a witness,
and whether he had any money to pay him his witness fees
and allowances under said writ of subpœna; and was told
by said deputy that he had no money to pay him for his
witness fees and allowances and no money to pay or tender
him therefor; and that in fact Healey was at no time paid
or tendered any witness fees or allowances or money on that
account. It was admitted at the hearing that no witness fees
or expenses of any kind were paid or tendered him.

It is a settled rule of law that in a civil case, no witness
will be punished for contempt in failing to obey a subpœna
requiring his attendance upon court, unless his witness fees

have been paid or tendered to him, unless he has waived the same.    Vol. 2, Tidd's Practice, 3rd Am. Ed., 807; Rapalje on Witnesses, section 312; 30 Am. & Eng. Enc. of Law, 2nd Ed., 1188; Bonner v. People, 40 Ill. App., 628; Hollister v. People, 116 Ill. App., 338; Kipp v. Dawson, 59 Minn., 82.

In Bonner v. People, *supra,* it is said: "A witness will not be punished for failing to attend as a witness in a civil case unless his fees have been paid or tendered."

In Hollister v. People, *supra,* it is held: "It has been the practice of trial courts to require the payment or tender of fees before issuing attachments for witnesses"; and further: "The imposition of a fine or the sentencing to prison is the rendering of a judgment in a criminal case, * * * and in such case the guilt of the parties should be established beyond a reasonable doubt.  Plaintiff in error cannot be held guilty unless his fees are paid or tendered."

It was claimed on the hearing, that in a conversation over the telephone between plaintiff in error and the attorney who caused the subpœna to be issued, after plaintiff in error had failed to appear, he did not assign his reason for not appearing, failure to pay or tender him his witness fees, which is urged as a waiver.

We are of opinion that that did not constitute a waiver. The offense with which plaintiff in error was charged and for which he was punished, and here charged as contempt, had been committed before that conversation was had.  There was no rule of law requiring plaintiff in error to give his reasons to the attorney.  The fact that plaintiff in error inquired of the officer when the subpœna was served, whether he had the money to pay his witness fees or expenses, shows that he relied upon his legal rights, which were that before he obeyed the mandate of the subpœna he was entitled to his witness fees and mileage.  No waiver of this right is shown, and we are of the opinion that, for failure to tender him his fees and mileage, he was not subject to be punished for contempt.

Plaintiff in error is a lawyer, but was not an attorney in the proceedings out of which the alleged contempt arose.

and is entitled to witness fees and mileage when called as a witness. Abbott v. Johnson, 47 Wis., 239.

The judgment of the County Court is reversed.

*Reversed.*