## The People of the State of Illinois, Appellee, v. Paul Rudorf, Appellant.

### Gen. No. 5,097.

1. APPEALS AND ERRORS—*when appeal does not lie.* An appeal does not lie in a criminal case.

2. APPEALS AND ERRORS—*effect of failure to move to dismiss.* By failing to move to dismiss an appeal perfected in a criminal case, by joining in error and by arguing the merits, the irregularity in the method of review undertaken is waived and the Appellate Court will consider the cause on the merits.

3. AMENDMENTS AND JEOFAILS—*when granting leave to file amended bill of particulars in criminal case not error.* If an amended bill of particulars has been filed before the trial by leave of court, no assignment of error can be successfully predicated thereon if no surprise was claimed and no continuance or postponement asked.

4. TRIALS—*effect of absence of judge.* The proper method is to suspend a trial if the judge is temporarily absent. If, however, his absence is with the consent of the defendant's counsel and no prejudice appears to have resulted, a new trial will not be granted because of such absence.

5. TRIALS—*when remarks of judge will not reverse.* Held, that the remarks of the presiding judge as follows: "It seems to me that he is somewhat hostile" and "It is a leading question. The witness doesn't seem to be very friendly and I will let it stand," were not prejudicially erroneous.

6. DRAM-SHOPS—*what evidence competent in prosecution for selling liquor without license.* In such a case the time of the commission of the offense is not of the essence and need not be precisely laid; it is sufficient if it be laid at any time before the finding of the indictment or the filing of an information within the limitation, and proof of sales made at any time within the period of limitation is competent even though the indictment alleges only sales made within three months prior to such indictment.

7. EVIDENCE—*what competent upon question of good faith.* Where the good faith of a party is involved he may testify directly thereto.

Prosecution for unlawful sale of liquor. Appeal from the County Court of Du Page county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 24, 1909.

LAWRENCE P. CONOVER, for appellant.

CHARLES W. HADLEY, for appellee; S. J. RATHJE, of counsel.

MR. JUSTICE WILLIS delivered the opinion of the Court.

Paul Rudorf, appellant, was indicted by the grand jury of Du Page county for selling liquor without a license. The indictment contained eighteen counts. On a trial, in the County Court of said county, a jury found him guilty on the first and second counts. He was sentenced to pay a fine of $40 on each count, and the costs of suit. This is an appeal from that judgment.

An appeal does not lie in a criminal case. Ferrias v. People, 71 Ill. App. 559. A writ of error is the only mode provided by law by which the judgment of the trial court in a criminal case can be reviewed. French v. People, 77 Ill. 531. Therefore if a motion to dismiss this appeal had been interposed, it would have been granted. But counsel for appellee has filed briefs arguing the case upon the merits. Where an appellee or defendant in error argues upon their merits the errors assigned upon the record, it is equivalent to a formal joinder in error. Dinet v. People, 73 Ill. 183; De Beukelaer v. The People, 25 Ill. App. 460; Ferrias v. People, *supra*. Where there has been a formal joinder in error or an equivalent thereof, the Appellate Court may disregard the irregular attempt to bring a case up by appeal and may treat it as pending upon a writ of error. Bonner v. The People, 40 Ill. App. 628. The case will therefore be considered as pending here on a writ of error.

On the day of the trial, the state's attorney obtained leave over appellant's objection, to, and did file an amended bill of particulars containing the names of additional witnesses, to whom, it was claimed, sales of liquor had been made. The bill of exceptions shows that this was done before the trial was entered upon. Appellant did not claim to be surprised or taken un-

awares thereby, and did not ask for a continuance or postponement of the trial, and therefore has no cause for complaint on that account.

During the examination of the jurors, after four had been accepted, and while counsel for appellant was examining one of the second four, the judge announced that he had a case to attend to in another part of the same building, and asked counsel if they could get along without him for a few minutes. Counsel for both sides replied that they could. Whereupon the judge said, "If you want me, call me", and left the room. Appellant's counsel proceeded with the examination of the jurors, during which the state's attorney interposed objections to certain questions, one of which was not answered by a juror. It is contended that the absence of the judge was serious error. If the presiding judge finds it necessary to absent himself from the court when a trial is in progress, he should suspend all judicial proceedings until he has returned; and if objection to his absence is reasonably made and properly presented, it should be regarded a fatal error, except when, in a civil case or misdemeanor, it shall plainly appear to the reviewing court that the cause of the complaining party was not prejudiced by what occurred in the court during the absence of the judge. Wells v. O'Hare, 209 Ill. 627. The record discloses that appellant's counsel expressly consented to the absence of the judge. He was not compelled to go on with the examination of the jurors in the judge's absence, but could have waited until he returned had he seen fit. The judge did return before counsel had completed the examination of the four jurors whom he was examining when the judge left but he did not thereafter repeat the unanswered question to the juror, nor did he make any objection, nor take any exception, to the act of the judge in retiring, and did not exhaust all his peremptory challenges. There is nothing to indicate that appellant's rights were in any way prejudiced by what occurred in the

court during the absence of the judge, and this being but a misdemeanor, we are of the opinion that the absence of the judge does not amount to reversible error.

The dates upon which the liquor was alleged to have been sold, were all laid within about three months previous to the finding of the indictment. The state's attorney, over appellant's objections, was permitted to interrogate the witnesses as to sales made within eighteen months preceding the finding of the indictment. When the time of the commission of an offense is not of the essence, it need not be precisely laid, and it is sufficient if it be laid any time before the finding of the indictment or the filing of an information and within the limitation. Kettles v. People, 221 Ill. 221. Proof that the offenses charged were committed on any day or days within the period of eighteen months before the indictment was found, was sufficient, and convictions thereon could be pleaded in bar of any other information or indictment for the same offenses alleged to have been committed on any day within that time. Koop v. People, 47 Ill. 327.

Appellant complains of remarks of the judge in reference to certain witnesses while being examined in chief by the state's attorney. Appellant's attorney objected to a question asked by the state's attorney on the ground that it was leading and immaterial. The court answered that it was leading, but he thought the state's attorney entitled to ask leading questions of the witness and added, "It seems to me that he is somewhat hostile." Of another witness, in ruling on an objection the court said, "It is a leading question. The witness doesn't seem to be very friendly and I will let it stand." An examination of the testimony of these two witnesses shows that they were endeavoring to screen appellant and were decidedly unwilling to testify to facts which would lead to his conviction.

In two instances the court sustained an objection to a question put by appellant to a witness as to

whether he ordered the whiskey in good faith, and it is claimed that the court refused to permit appellant's clerk to testify that a sale by him was made in good faith. The court said these were questions for the jury. It is no doubt true that where the good faith of the party is involved, he may testify directly thereto. Wohlford v. The People, 148 Ill. 296. The record clearly discloses that later, each of the witnesses was permitted to state that the sale was made in good faith. Each stated that the liquor was purchased for medicinal uses. And after the court sustained an objection to a statement by appellant's clerk that a certain sale was made in good faith, such clerk was asked this question, "Did you sell it to him in good faith under the belief that it was to be used for medicinal purposes?" And he answered "Yes, sir," and the court permitted the answer to stand. We are clearly of the opinion that the error in not permitting the witnesses to testify that they acted in good faith, was cured by the action of the court in subsequently permitting such witnesses to testify that they did act in good faith.

It is argued that the evidence was not sufficient to sustain the conviction. The evidence shows that appellant was a druggist operating a store in Hinsdale, Du Page county, a village of about 3,000 inhabitants. He had a right to sell intoxicating liquors under a permit from the village for medicinal, sacramental, mechanical and chemical purposes only. The evidence shows that sales were made to fifteen different parties. One witness testified that he had purchased liquor at appellant's store as often as once a week during the eighteen months prior to the filing of the indictment; another twice a month during that period; and two, once a month each; another, eight or ten times; two, six times each; another, four or five times; two, three times each; another, two or three times; and others, while admitting the purchases, were indefinite as to the number of times liquor was purchased

by them. The liquor sold by appellant was kept by him in sealed bottles ready to be delivered when called for. It appears from the evidence that he kept in stock at least five different brands. The people that came in would not always designate the brand they desired, but some of the witnesses usually asked for a particular brand. It does not appear that in a single instance, a physician's prescription was presented, though in some instances, some of the witnesses signed a book. The witnesses when asked what they wanted the liquor for, replied that they were sick, had colds, colic, cramps, nervousness, and some of them, that they needed a supply for future emergency, in case of accident, and one that there was too much iron in the drinking water of Hinsdale. Thereupon, appellant or his clerk would sell the applicant a bottle of whiskey which he carried away and drank at his home or place of business, and, in one instance, in a barber shop. It is clear to us, from careful consideration of all the evidence, that the intoxicating liquor sold, as proven by appellee, was intended for a beverage and not for medicinal purposes. It appears clear that the excuse offered by appellant, based on the evidence of the witnesses, that they purchased it for medicinal purposes, was a mere shift or device offered by appellant to evade the law forbidding the sale of intoxicating liquor without a license. Appellant's violation of the law was flagrant, his punishment not unreasonable, and he has no ground to complain.

There being no reversible error in the record, the judgment of the lower court is affirmed.

*Affirmed.*