Department of Revenue of State of Illinois, for Use of the People of State of Illinois, Plaintiff-Appellant, v. Wakeford Hardware Company, Inc., Defendant-Appellee.

Gen. No. 46,117.

Opinion filed February 24, 1954. Released for publication April 22, 1954.

LATHAM CASTLE, Attorney General of State of Illinois, of Chicago, for appellant; WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, Assistant State's Attorneys General, all of Chicago, of counsel.

HOLLOBOW & WARREN, of Chicago, for appellee; IRVING E. HOLLOBOW, and LAURENCE C. WARREN, both of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a contempt proceeding based on plaintiff's petition, for rule to show cause, which alleged defendant's refusal to obey a *subpoena duces tecum* issued by the plaintiff. On defendant's motion the petition was dismissed and plaintiff has appealed.

Defendant's motion admitted the facts well pleaded in the petition: During 1950 defendant was certified under the Sales Tax Act for the business of selling personal property at retail. Chap. 120, par. 441a Ill. Rev. Stat. (1953) [Jones Ill. Stats. Ann. 119.452]. Plaintiff's auditor attempted on several occasions with-

67

out success to gain access to defendant's books and records in aid of an investigation of defendant's retail sales. Eventually plaintiff issued a *subpoena duces tecum* upon defendant to produce its books and records at plaintiff's Chicago office on April 17, 1951. Defendant did not appear and plaintiff applied to the court to compel defendant's obedience, chap. 120, par. 449, Ill. Rev. Stat. (1953) [Jones Ill. Stats. Ann. 119.462], by filing its petition for a rule to show cause.

Defendant responded to the petition by its motion to quash the service of the *subpoena duces tecum,* to vacate the order for the rule to show cause and to dismiss the petition. The only ground stated in the motion was that the service of the *subpoena* was insufficient because plaintiff did not, at the time of service, pay defendant its witness fee as required by the Fees and Salaries Act, chap. 53, par. 65, Ill. Rev. Stat. (1953) [Jones Ill. Stats. Ann. 48.048]. The court sustained the motion and entered judgment accordingly.

■ Defendant contends that this proceeding involves criminal contempt with no right to appeal in the People. It is our opinion that the proceeding is civil in nature, since it does not involve disrespect of the court or its process, or tend to bring the court into disrepute or obstruct justice, but is pursued to enforce the lawful order of an administrative agency in aid of the civil enforcement by plaintiff of the Sales Tax Act. *Porter v. Alexenburg,* 396 Ill. 57; *People v. Redlich,* 402 Ill. 270. The fact that plaintiff is a public agency does not change the civil character. *Porter v. Alexenburg.* Plaintiff has the right to appeal.

■ The Fees and Salaries Act cited above does not specify when the witness fees and mileage shall be paid. Our Supreme Court does not seem to have passed on the question. This court, however, has consistently followed the common-law rule that a witness should not be

punished for contempt for disobeying a *subpoena* when one day's fees and mileage have not been paid at the time of service. *Bonner v. People,* 40 Ill. App. 628; *People v. Healey,* 139 Ill. App. 363; *Hollister v. People,* 116 Ill. App. 338.

 The *subpoena duces tecum* in the instant case was issued by plaintiff under authority given by the Sales Tax Act, chap. 120, par. 449, Ill. Rev. Stat. (1953) [Jones Ill. Stats. Ann. 119.462], which provides that the witness fees established in the Fees and Salaries Act should be paid "when the witness is excused from further attendance." That paragraph also provides that where the plaintiff issues *subpoenas* at the instance of private citizens the latter shall deposit with plaintiff funds sufficient to cover the fees of the witness to be subpoenaed. We agree with plaintiff that the specific provisions in section 10 of the Sales Tax Act, Illinois Revised Statutes 1953, chap. 120, par. 449 [Jones Ill. Stats. Ann. 119.462] supersede the common-law rule, which this court has applied in its interpretation of section 47 of the Fees and Salaries Act, Illinois Revised Statutes 1953, chap. 53, par. 65 [Jones Ill. Stats. Ann. 48.048]. A particular and specific enactment must prevail over general provisions on the subject either in the same statute or in the general laws relating thereto. *Moyer v. Board of Education of Sch. Dist. 186,* 391 Ill. 156.

In view of our conclusion, we hold that plaintiff's failure to pay defendant its witness fees at the time of service of the *subpoena duces tecum* did not nullify the service of the *subpoena* so as to justify defendant's disobedience. The trial court therefor erred in sustaining defendant's motion to quash the service. Consequently it was error to vacate the order under which the rule to show cause issued and error to dismiss

plaintiff's petition. We need not consider any other points raised.

For the reasons given the judgment is reversed and the cause remanded with directions to deny the motion to quash the service of the *subpoena duces tecum* and, in the further absence of cause shown, to order obedience to the *subpoena* at a time and place to be set in the order.

*Reversed and remanded.*

FEINBERG, P. J. and LEWE, J., concur.