STEVEN STONE, Plaintiff-Appellant, *v.* DAWN MARIE MARDOIAN, Clerk of the Circuit Court of Lake County, *et al.*, Defendants-Appellees.

Second District    No. 79-356

Opinion filed April 17, 1980.

Larry D. Drury, of Chicago, for appellant.

Dennis P. Ryan, State's Attorney, of Waukegan (Marc Seidler, Assistant State's Attorney, of counsel), for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiff, Steven Stone, appeals from the dismissal of a class action brought by him as a property owner and taxpayer against defendants, Dawn Marie Mardoian, clerk of the Lake County Circuit Court; Terrence Tucker, Lake County treasurer; and the county of Lake. Plaintiff alleged in his complaint that defendant Mardoian, as circuit clerk, lacked authority to withhold a 2 percent collection fee from fines, penalties and forfeitures collected by her on behalf of Lake County municipalities. Plaintiff sought injunctive and declaratory relief, as well as actual and punitive damages, with payment of interest on the fees retained.

On defendants' motion the trial court dismissed the complaint for failure to state a cause of action, finding that section 27.1(u)(1) of the clerks of courts act (Ill. Rev. Stat. 1977, ch. 25, par. 27(u)(1)) was not in conflict with section 27.1(w) of the same act (Ill. Rev. Stat. 1977, ch. 25, par. 27.1(w)). The trial court thus concluded that the collection fee was properly withheld by the circuit clerk, and was not barred by section 27.1(w) as asserted by plaintiff.

Section 27.1 of the clerks of courts act provides in relevant part:

"The fees of the Clerk of the Circuit Court * * * shall be as follows:

* * *

(u) Collections

(1) For all collections made for others, except the State and County and except in child support cases, a sum equal to 2% of the amount collected and turned over." (Ill. Rev. Stat. 1977, ch. 25, par. 27.1(u)(1).)

Authorization for a 2 percent collection fee was also found in section 14(S) of "An Act concerning fees and salaries * * *" (Ill. Rev. Stat. 1971, ch. 53, par. 31(S)), which was repealed in 1976 simultaneously with the enactment of the current authorizing statute, section 27.1(u)(1).

The issue we consider in this case is whether the 1973 amendment to section 14 (Ill. Rev. Stat. 1973, ch. 53, par. 31 (repealed 1976)), which granted a qualified exemption from fees to certain governmental units, applies to the 2 percent collection fee. The current version of the amended act is found at section 27.1(w) of the clerks of courts act, and provides:

"No fee provided for herein shall be charged to any unit of State or local government or school district unless the Court orders another party to pay such fee on its behalf." (Ill. Rev. Stat. 1977, ch. 25, par. 27.1(w).)

It was the conclusion of the Illinois Attorney General, in 1977 Ill. Op. Att'y Gen. 112, that after October 1, 1973, the effective date of the amendment to what is now section 27.1(w), the deduction of the 2 percent fee from sums collected by the circuit clerk for municipalities was prohibited. Upon issuance of that opinion, the Lake County Circuit Clerk stopped deducting the fee and plaintiff's action, therefore, is necessarily directed only to the period from October 1, 1973, through July 1977 when the fee ceased to be withheld.

It is plaintiff's contention that subsection 27.1(w), as the more particular enactment, prevails over the general authorization for a collection fee in section 27.1(u)(1) (*Department of Revenue v. Wakeford Hardware Co.* (1954), 2 Ill. App. 2d 66, 118 N.E.2d 627; *Moyer v. Board of Education* (1945), 391 Ill. 156, 62 N.E.2d 802), and he reaches the same conclusion as did the Attorney General.

Defendants respond that it was the intent of the legislature, in enacting what is now section 27.1(w) to relieve a municipality from the payment of court costs when it is a party to litigation, but not to otherwise exempt municipalities from the payment of statutory circuit clerks' fees. Defendants thus contend that to give effect to the intent of the legislature the reference to "fees" in this section must be construed as a reference only to those fees which can be denominated "court costs," which a court

can order paid by another party, and that the collection fee in question does not fall in such a category. (*Department of Revenue v. Appellate Court, First District* (1977), 67 Ill. 2d 392, 367 N.E.2d 1302; 14 Ill. L. & Prac. *Costs* §2 (1968).) Defendants assert that a contrary construction would result in a repeal of section 27.1(u)(1) by implication, a result not favored by the courts (*People.ex rel. Nelson v. West Englewood Trust & Savings Bank* (1933), 353 Ill. 451, 187 N.E. 525), and contrary to the legislative intent.

We agree with the conclusion reached by the Attorney General that by virtue of section 27.1(w) a circuit clerk may not withhold the fee provided for in section 27.1(u)(1) from collections made for a municipality. This determination does not nullify or repeal section 27.1(u)(1), as suggested by defendants. The effect of section 27.1(w), as it relates to the 2 percent collection fee, is simply to grant other units of government the same exemption from the fee enjoyed by the State and county. (See also Ill. Rev. Stat. 1977, ch. 24, par. 1—2—8; Ill. Rev. Stat. 1977, ch. 95½, par. 16—105(a)(1).) We do not find section 27.1(w) ambiguous in this respect and see no need for resort to rules of construction. *Roth v. Yackley* (1979), 77 Ill. 2d 423, 396 N.E.2d 520; *People v. DuMontelle* (1978), 71 Ill. 2d 157, 374 N.E.2d 205.

Since for this reason we must reverse the judgment of the Circuit Court of Lake County and remand the cause for further proceedings, we need not address plaintiff's other assignments of error.

Reversed and remanded.

UNVERZAGT and WOODWARD, JJ., concur.