# JOHN KOOP

### *v.*

# THE PEOPLE OF THE STATE OF ILLINOIS.

47   327
36a  165

1.   TIPPLING HOUSE—*what constitutes.*   Under an indictment for keeping open a tippling house on Sunday, where it was proved that only beer was sold, it was *held*, that a place where beer was sold by the glass or drink, constituted a tippling house, within the meaning of the statute.

2.   SAME—*of keeping open.*   A person will be held liable under the statute, for keep open a tippling house on Sunday, when it is shown that the party charged with the offense, kept the saloon open, and showed his willingness and readiness to sell beer on Sunday, whether he sold but a single glass, or did not even sell any.

3.   Nor is it any defense, that such party kept a boarding house, and that the saloon was used as a sitting room for his boarders, provided it was also accessible to the public, for purposes prohibited by the statute.

4.   INDICTMENT—*of a particular Sunday, when the offense was committed.*   Where the indictment alleges that the offense was committed on a certain Sunday therein named, it is sufficient to sustain the indictment, under the statute, to prove that the offense was committed on a Sunday, within eighteen months before the indictment was found.

5.   FORMER CONVICTION—*when a bar.*   A recovery under the indictment may be pleaded in bar of any other indictment for the same offense alleged to have been committed on any Sunday within that time.

WRIT OF ERROR to the Circuit Court of Clinton county; the Hon. SILAS L. BRYAN, Judge, presiding.

The facts in this case fully appear in the opinion.

Mr. H. K. S. O'MELVENY and Mr. G. VAN HOOREBECK, for the plaintiff in error.

Mr. ROBERT G. INGERSOLL, Attorney General, for the people.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an indictment containing three counts, against John Koop, for keeping open a tippling house on three different Sabbath days, in the month of June, 1867, in Clinton county.

The proof was, that defendant kept a boarding house, and in the front room of his house he had a grocery or saloon, in which he sold beer, and he was seen to sell one glass on one Sunday in the month of June, but the witness could not say on which Sunday—nor could the witness swear that he ever saw the saloon open on Sunday other than the one time.

This question was put to the witness by the prosecution: State whether you saw the defendant's house open, and he selling beer or other drinks in it, on any Sabbath day, within eighteen months before the last August term of this court?

To this the defendant objected, on the ground, that certain Sundays were specified in the indictment, and to those days the proof should be confined; that beer is not spirituous liquor, and its sale on Sunday is not an offense under the statute.

The court permitted the question to be put, and the witness answered that he could remember but one time on Sunday within eighteen months past; it was a glass of beer, and was on some Sunday, but whether on any of the Sundays specified in the indictment, he could not state.

The court instructed the jury, that it was not necessary for the prosecution to prove any particular Sabbath day, but only that the offense was committed within eighteen months prior to finding the indictment.

The court further instructed the jury, that the law against keeping open tippling houses is violated as well by selling beer, as of any other liquors, in his house; and if the jury, from the evidence, believe the defendant kept his grocery open within eighteen months of the finding of the indictment, and sold beer or other liquors, their verdict should be guilty.

The defendant was convicted; a motion for a new trial was overruled; a fine imposed of fifty dollars, and a judgment entered therefor.

The plaintiff in error assigns as error these several rulings and instructions.

Plaintiff's counsel seem to be under the impression that it is essential to constitute the offense charged, that spirituous liquors should actually be sold in the saloon on the Sunday specified. This, we think, is an erroneous view of the statute. There is not one word in the branch of the statute on which this indictment is founded, making that a requisite. Section 127 of the statute makes criminal, open lewdness, or other notorious act of public indecency, tending to debauch the public morals—keeping open any tippling house on the Sabbath day or night, maintaining or keeping a lewd house, etc. It is classed under the head of offences against the public morality, health and police, and to constitute it, the actual sale of liquors of any kind, on the Sabbath day or night, is not a requisite. The offense is in keeping a tippling house open on the Sabbath day or night.

The proof, then, on the part of the prosecution, should be, that the defendant kept a tippling house, and that would be established by proof that he kept a grocery or drinking saloon, for the sale of strong drinks. "A tippling house" is defined to be "a public drinking house." In such houses, the usual stimulating beverages are kept on sale. In this, beer only was sold. Beer was the defendant's specialty. Some prefer one kind of "tipple," some another, and these houses are usually so furnished and kept as to accommodate the various tastes of their customers. There are tipplers of beer, as well as of other strong drinks, and the keeper of a beer saloon, when that alone is sold, is, in the light of our statute, the keeper of a tippling house.

To establish the offense charged, it was only necessary for the prosecution to show that the defendant kept a beer saloon, where beer was sold by the glass or "drink;" that to this saloon the public had free access on the Sabbath day as on week days, and every facility afforded those who might enter

42—47TH ILL.

to obtain their favorite "tipple." The proof in this case fulfills these requirements. The saloon was used as a sitting room for the boarders at the house, and accessible to every one from the public street, on the Sabbath, as on week days, and although proof was not required that the defendant should actually sell beer on that day, there was proof that beer was sold on the Sabbath day in the saloon. It makes no difference how much or how little he sold, or whether he sold any, and the fact that he sold one glass of beer goes to prove that the saloon was kept open for the purpose of selling it by the glass, and is a clear violation of the statute. By keeping open the saloon on the Sabbath day, the defendant showed his readiness and willingness to sell his liquors. He sold on that day all that was called for—one glass.

It is not meet that the law should be evaded under the pretence that the saloon was defendant's sitting room. It was also accessible to the public, and could readily become the resort of the idle and the vicious, and thus be productive of the evil consequences the statute was designed to prevent.

On the point, the particular Sabbath day was not proved, this we think was wholly unnecessary. Proof that the offense was committed on a Sabbath day within eighteen months before the indictment was found, was sufficient, and a recovery thereon could be pleaded in bar of any other indictment for the same offence alleged to have been committed on any Sabbath day within that time. The instructions conform to the views herein expressed.

Perceiving no error in the record the judgment must be affirmed.

*Judgment affirmed.*