### AUGUSTUS C. WEIDMAN
### v.
### THE PEOPLE OF THE STATE OF ILLINOIS.

DRAM SHOPS—KEEPING OPEN TIPPLING HOUSES.—In order to consti-
tute the offense of keeping open a tippling house on Sunday, it must appear
that the keeping open was for tippling purposes. Merely opening the house
and permitting people to resort there, no tippling being intended or per-
mitted, will not be enough.

APPEAL from the County Court of White county; the Hon.
ORLANDO BURRELL, Judge, presiding. Opinion filed August
13, 1880.

Messrs. JOHNSON & GRAHAM, for appellant; that the offense

Weidman v. The People.

consists in keeping the house open for tippling purposes, cited Koop v. The People, 47 Ill. 327; Patten v. City of Centralia, 47 Ill. 370; Kroer v. The People, 78 Ill. 294.

Where there is doubt in regard to an important question the instructions should be plain, free from all doubt and explicit: Ill. Cent. R. R. Co. v. Hammer, 72 Ill. 347; Volk v. Roche, 70 Ill. 297; Evans v. George, 80 Ill. 51.

Mr. P. A. PEARCE, for appellee.

WALL, P. J.   The appellant was convicted of the charge of keeping open a tippling house on Sunday.   The court gave the following instruction to the jury at the instance of the prosecution:   " If you believe from the evidence, beyond a reasonable doubt, that defendant allowed persons to enter his saloon on Sunday, you should find him guilty; provided you further believe from the evidence his saloon was a place where liquors were sold or given away."   Under this instruction the jury were authorized to convict, whether the persons who entered the saloon were allowed there for tippling purposes or not, and the offense would be made out without proof that liquors were dispensed or that the house was open for that purpose.

This is not sufficient.   In order to constitute the offense, it must appear that the keeping open was for tippling purposes— merely opening the house and allowing persons to resort there, no tippling being intended or permitted, would not be enough. Koof v. People, 47 Ill. 327;  Patten v. Centralia, Id. 370;  Kroer v. People, 78 Ill. 294.   The second and third instructions given for the people are subject to some criticism, but when considered in connection with those given for the defense, we can not say that they misled the jury.   For the error in giving the first instruction the judgment is reversed and cause remanded.

Reversed and remanded.