THE PEOPLE, for use of State Board of Health,

*v.*

PETER R. LANGDON.

*Opinion filed December 20, 1905—Rehearing denied Feb. 7, 1906.*

MEDICINE AND SURGERY—*one practicing medicine without a license before act of 1899 took effect is amenable to the act.* A person practicing medicine in Illinois before the Medicine and Surgery act of 1899 took effect, (Laws of 1899, p. 273,) and who continues to practice medicine thereafter without obtaining a certificate from the State Board of Health under such act or without holding an unrevoked certificate from the State Board of Health issued prior to the taking effect of the act, is within the terms of the act and subject to its penalties.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kankakee county; the Hon. LINUS C. RUTH, Judge, presiding.

W. H. STEAD, Attorney General, and J. BERT MILLER, State's Attorney, for the People.

TRUMAN W. SHIELDS, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an action of debt brought by the People of the State of Illinois, for the use of the State Board of Health, against Peter R. Langdon, to recover the penalty for practicing medicine without a license from the State Board of Health, imposed by section 9 of an act entitled "An act to regulate the practice of medicine in the State of Illinois, and to repeal an act therein named," in force July 1, 1899. (Laws of 1899, p. 273.) The circuit court sustained the demurrer of defendant to the declaration, and the plaintiff having elected to stand by the declaration there was judg-

ment in favor of the defendant. On appeal to the Appellate Court for the Second District the judgment was affirmed, and from the judgment of the Appellate Court this further appeal was prosecuted.

The act regulating the practice of medicine provides for the organization of the State Board of Health and the granting by said board of licenses to practice medicine in this State. There were two previous acts regulating the practice of medicine, the first in force July 1, 1877, and the second July 1, 1887, each of which provided for the granting of licenses or certificates from the State Board of Health and prohibited the practice of medicine without such license or certificate, with an exception in the first act in favor of those who had been practicing ten years before the passage of the act. Both of the previous acts made it a penal offense to practice medicine without a license or certificate. Section 9 of the present act, under which this suit was instituted, contains the following provisions: "Any person practicing medicine or surgery or treating human ailments in the State without a certificate issued by this board in compliance with the provisions of this act * * * shall, for each and every instance of such practice or violation, forfeit and pay to the People of the State of Illinois, for the use of the said board of health," certain penalties therein mentioned, and the section concludes with this proviso: "*Provided,* that this section shall not apply to physicians who hold unrevoked certificates from the State Board of Health issued prior to the time of the taking effect of this act."

There were six counts of the declaration, in each of which it was charged that at the respective dates therein named, in the year 1903, the defendant unlawfully practiced medicine and surgery and treated human ailments without a license or certificate from the State Board of Health, and three of the counts contained the additional averment that he was on July 1, 1899, illegally engaged in the practice of medicine. None of the counts averred that he began the

practice of medicine after July 1, 1899, and it is contended that without that averment the declaration stated no cause of action. The question raised is whether a person who has no license to practice medicine, who began such practice before July 1, 1899, when the present act took effect, and continued such practice thereafter without a license, is subject to the penalties named in section 9. It is clear that such a person comes within the express language of that section. He is a person who is practicing medicine without a certificate issued by the State Board of Health in compliance with the provisions of the act, and who does not hold an unrevoked certificate from the State Board of Health issued prior to the taking effect of the act. Having no license at all to practice medicine he is within the terms of the statute and subject to its penalties.

But counsel says that because section 2 only provides for the granting of licenses to persons entering upon the practice of medicine after July 1, 1899, when the act took effect, the only persons subject to the penalties imposed by section 9 are those who began the practice after that date. We do not see how that position can be maintained. The provision of section 2 relied upon is as follows: "No person shall hereafter begin the practice of medicine or any of the branches thereof, or midwifery in this State without first applying for and obtaining a license from the State Board of Health to do so." Taking that section and the other provisions of the act together, they amount to this: Any person desiring to enter upon the practice of medicine after the act took effect could only do so after first applying for and obtaining a license from the State Board of Health in compliance with the provisions of the act, and any person practicing medicine without a certificate issued under said act or an unrevoked certificate issued under previous acts was subject to certain penalties specified in section 9. The act is penal in character and is to be strictly construed, but not with such technicality as to defeat its purpose. When the true meaning

and intent of the act are apparent, the act is to be given effect in accordance therewith. (*Meadowcroft* v. *People,* 163 Ill. 56; *Hamer* v. *People,* 205 id. 570.) The proviso excluding persons practicing medicine who hold unrevoked licenses issued by the State Board of Health prior to the taking effect of the present act cannot be ignored in interpreting the act, and the proviso would be useless and senseless if the legislature intended the act to apply only to persons who began the practice of medicine after the act took effect. To say that the legislature intended to grant immunity from prosecution to persons who were unlawfully practicing medicine at the time the act took effect would be wholly unwarranted. On the contrary, an unrevoked license or certificate issued under some previous act was required by the proviso.

In the case of *State Board of Health* v. *Ross,* 191 Ill. 87, the question whether the State Board of Health could revoke certificates issued under a previous act was considered, and it was held that it could not. That decision was in accordance with the language of the act which provided for issuing licenses, and in one sentence provided that the board might refuse to issue a license for certain reasons and might revoke such license for like causes. The provisions for granting, refusing to grant or revoking a license under the present act relate only to persons entering upon the practice of medicine after the act took effect. But that is an entirely different proposition from the one involved in this case. It does not follow from that decision that one who has no license under the present act or any former act may practice medicine without being subject to the penalties prescribed by section 9. The court erred in sustaining the demurrer.

The judgments of the Appellate Court and circuit court are reversed and the cause is remanded to the circuit court, with directions to overrule the demurrer.

*Reversed and remanded.*