## CHARLES H. KETTLES

### *v.*

### THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion. filed April 17, 1906.*

1. MEDICINE AND SURGERY—*the act of 1905 applies to unlicensed dentists practicing before act took effect.* Section 3 of the Dental Surgery act of 1905, (Laws of 1905, p. 320,) providing that no person, unless previously licensed to practice dentistry in Illinois at the time the act shall become operative, "shall begin" the practice of dentistry without first obtaining a license from the State Board of Dental Examiners, applies to unlicensed dentists practicing in Illinois before the act of 1905 took effect.

2. CRIMINAL LAW—*counts of information charging an unlawful practice of dentistry on different persons may be joined.* Counts of an information, each of which charges unlawful practice of dentistry upon different persons, may be joined, and it is not error to refuse to require the prosecution to elect upon which count trial will be demanded.

3. SAME—*time of offense, if not of the essence, need not be precisely laid.* The time of the commission of a misdemeanor, if not of the essence of the offense, need not be precisely laid, and proof that the offense was committed on any day before the filing of the information and within the period of limitation is sufficient.

4. SAME—*whether defendant had a license to practice dentistry is a matter of defense.* In a prosecution for practicing dentistry without a license the People do not have the burden of proving that the defendant did not have a license, since his possession of a license is a matter of defense which devolves upon defendant to establish.

5. CONSTITUTIONAL LAW—*the practice of dentistry is subject to regulation under police power of State.* Legislative regulations for excluding unqualified persons from the practice of dental surgery are within the police power of the State.

6. SAME—*section 3 of Dental Surgery act of 1905 does not make unlawful discrimination.* Section 3 of the Dental Surgery act of 1905 (Laws of 1905, p. 320,) is not unconstitutional, as granting to citizens of other States privileges and immunities not enjoyed by citizens of this State.

7. SAME—*section 4 of Dental Surgery act does not confer arbitrary powers on board of examiners.* Section 4 of the Dental Surgery act of 1905, in providing that the board of examiners shall

make rules and regulations to establish a uniform and reasonable standard of educational requirements to be observed by dental schools, does not grant arbitrary powers to the board, since the reasonableness of such rules is subject to review by the courts.

8. SAME—*section 5 of Dental Surgery act is not class legislation.* Section 5 of the Dental Surgery act of 1905, in providing the act shall not prevent regularly licensed physicians from extracting teeth nor prevent dental students from doing work under the supervision of competent instructors in a dental school, is not unconstitutional as class legislation.

9. SAME—*one violating Dental Surgery act may be committed to jail until fine is paid.* Section 14 of division 14 of the Criminal Code, providing that where a fine is inflicted the court may order, as part of the judgment, that the offender be committed to jail until the fine is paid, applies to convictions for violations of the Dental Surgery act of 1905, notwithstanding section 11 of that act, fixing the penalty, makes no reference to a jail sentence.

WRIT OF ERROR to the County Court of Will county; the Hon. DWIGHT C. HAVEN, Judge, presiding.

S. RUSSELL BOWEN, for plaintiff in error:

Where an act is made criminal, with exceptions embraced in the same clause which creates the offense so as to be descriptive of the offense intended to be punished, the general rule is, it is necessary in the indictment or information to negative the exception. *Beasley* v. *People,* 89 Ill. 571; *Sokel* v. *People,* 212 id. 245.

It is a fundamental principle the court must not permit the accused to be embarrassed in his defense by a multiplicity of charges growing out of distinct criminal transactions joined in the one information. A motion, in such cases, to compel the prosecutor to elect upon which of the charges or counts in the information he will go to trial should be granted. *Young* v. *King,* 3 T. R. 106; *Thompson* v. *People,* 125 Ill. 256; *Lyons* v. *People,* 68 id. 271; *Beasley* v. *People,* 89 id. 571; *Goodhue* v. *People,* 94 id. 37.

Where the offense is charged to have been committed on a named day and on divers other days and times between

such days and the finding of the indictment, the defendant cannot be convicted of a substantial offense committed prior to the time alleged. *Dansy* v. *State,* 23 Fla. 316.

Penal statutes receive a strict interpretation. The law will rather endure a particular offense to. escape without punishment than violate such a rule. Potter's Dwarris, 246; *People* v. *Peacock,* 98 Ill. 172; *Hawkins* v. *People,* 106 id. 628; *Woolverton* v. *Taylor,* 132 id. 197.

If the language is clear and admits but one meaning the legislature should be intended to mean what it has plainly expressed, and there is no room for construction. *Deere* v. *Chapman,* 25 Ill. 610; *Stuart* v. *Hamilton,* 66 id. 253; *Frye* v. *Railroad Co.* 73 id. 399; *Beardstown* v. *Virginia,* 76 id. 34; *Martin* v. *Swift,* 120 id. 489.

Statutes will be construed to have a prospective effect, if such a conclusion is permissible. A retrospective operation is not favored. If the real design of the statute in that respect is doubtful, it will be construed to have a prospective operation only, and a retrospective effect will not be given it unless it clearly appears that such was the intention of the legislature. *In re Day,* 181 Ill. 73.

A statute in derogation of common right must be strictly construed, so far as it places restraint upon any useful and lawful calling. *Carberry* v. *People,* 39 Ill. App. 506.

The State has no right, under the guise of its police power, to unreasonably interfere with private rights. *Ruhstrat* v. *People,* 165 Ill. 155; *Bessette* v. *People,* 193 id. 346.

Any law which unreasonably interferes with private rights will be declared unconstitutional. *Bessette* v. *People,* 193 Ill. 346.

The act entitled "An act to regulate the practice of dental surgery and dentistry in the State of Illinois, and to repeal an act therein named," approved May 18, 1905, and each and every section thereof, contravenes sections 1 and 2 of article 2 and section 22 of article 4 of the constitution of the State of Illinois, and section 1 of article 14 of the amendments to the

constitution of the United States. Black on Const. Law, 404; *Ruhstrat* v. *People,* 165 Ill. 155.

An enactment which creates an arbitrary discrimination is void. *State* v. *Pennoyer,* 65 N. H. 113.

The police power of the State is limited to enactments having reference to the comfort, the safety and the welfare of society, and under guise of it a person cannot be deprived of a constitutional right. *Frorer* v. *People,* 141 Ill. 186.

W. H. STEAD, Attorney General, and CHARLES E. WOOD-WARD, (W. D. HEISE, of counsel,) for the People:

A motion to compel the State to elect upon which count it will proceed is addressed to the sound discretion of the court, as a general rule, and its action thereon will not be interfered with unless the discretion has been used to the manifest injury of the defendant. 10 Ency. of Pl. & Pr. 551.

In prosecutions for misdemeanors several distinct offenses of the same kind, requiring punishments of like nature, may be joined in separate counts of the same pleading. *State* v. *Gummer,* 22 Wis. 444; 10 Ency. of Pl. & Pr. 549; *Koop* v. *People,* 47 Ill. 327; 1 Bishop on New Crim. Proc. sec. 458; *Mitchell* v. *Commonwealth,* 93 Va. 775.

Proof of the time of the commission of the offense as laid is immaterial, provided that it appears that it was committed before the information was filed and within such time that the offense is not barred by the Statute of Limitations. *Koop* v. *People,* 47 Ill. 327; 10 Ency. of Pl. & Pr. 511; 1 Bishop on New Crim. Proc. sec. 400.

Where the subject matter of a negative averment lies peculiarly within the knowledge of the other party the averment is taken as true, unless disproved by that party. Such is the case in civil or criminal prosecutions for a penalty or for doing an act which the statutes do not permit to be done by any person except those who are duly licensed therefor, as for selling liquor, exercising a trade or profession, and the like. *People* v. *Nedrow,* 16 Ill. App. 192; *Noecker* v. *Peo-*

*ple,* 91 Ill. 468; *Insurance Co.* v. *People,* 65 Ill. App. 355; *Monroe* v. *People,* 113 Ill. 670; *Birr* v. *People,* 113 id. 645; *Williams* v. *People,* 121 id. 84.

A person not being registered as a dentist and not having a license to practice dentistry in this State who practices the profession of dentistry is subject to the penalty prescribed by the act of May 18, 1905. *People* v. *Langdon,* 219 Ill. 189.

Under the police power of the State the State has the right to regulate the practice of dentistry in the State of Illinois. *Williams* v. *People,* 121 Ill. 84; *People* v. *Blue Mountain Joe,* 129 id. 370; *State* v. *Creditor,* 44 Kan. 565; *Wilkins* v. *State,* 113 Ind. 514; *State* v. *Vandersluis,* 42 Minn. 129.

Such statutes are not obnoxious to the constitution of the United States. *Reetz* v. *Michigan,* 188 U. S. 505; *Dent* v. *West Virginia,* 129 id. 114.

Mr. JUSTICE BOGGS delivered the opinion of the court:

At the October term, 1905, of the county court of Will county an information containing twelve counts was filed against the plaintiff in error, charging violations of an act entitled "An act to regulate the practice of dental surgery and dentistry in the State of Illinois, and to repeal an act therein named." (Laws of 1905, p. 319.) The first, second, third, fifth and sixth counts of the information were quashed by the court. The People entered a *nolle prosequi* as to the fourth and seventh counts, and the case went to trial upon counts 8, 9, 10, 11 and 12, which resulted in a verdict, on which judgment was entered, finding the plaintiff in error guilty in manner and form as charged in the ninth and tenth counts of the information.

The ninth count charges that the plaintiff in error, "at and within said county of Will and State of Illinois aforesaid, did then and there unlawfully practice dentistry and then and there treat a lesion of a tooth of a human being,

221—15

and then and there prepare and fill a cavity in a tooth in the mouth of one Lottie Kozlowsky, a more particular description of said treatment being to the informant unknown, without then and there having a license for the practice of dentistry in said county and State, and without then and there being previously registered and licensed to practice dentistry in said county and State, contrary to the form of the statute," etc. The tenth count, with the exception of the name of the person operated upon, is the same as the ninth, and these two counts are all that are in the record of this case.

The evidence disclosed that the plaintiff in error had practiced dentistry in Will county before July 1, 1905, and that he had been engaged in such practice for a number of years. It was also shown by uncontroverted evidence that the plaintiff in error practiced dentistry in August and September, 1905. He was not registered as a dentist, nor does it appear that he ever had a license to practice in this State.

The contention of the plaintiff in error that the court erred in overruling his motion to quash the ninth and tenth counts of the information on the ground that they were defective in not negativing the exception embraced in the statute creating the alleged offense, will be disposed of by what is said with reference to the contention of the plaintiff in error that the act does not apply in his case because it creates an exception in favor of old practitioners and persons who were engaged in the practice of dentistry prior to July 1, 1905, the time when the act became effective. The disposal of this contention requires the consideration of the first sentence of section 3 of the act of 1905, which reads: "No person, unless previously registered or licensed to practice dentistry in this State at the time this act shall become operative, shall begin the practice of dentistry or dental surgery, or any branches thereof, without first applying for and obtaining a license for such purpose from the Illinois State Board of Dental Examiners." We must also consider that prior to the act of 1905 it was unlawful, under the act of

1881, to practice dentistry in this State without being registered or licensed.

The plaintiff in error strenuously urges that this provision of the act applies only to those persons who began the practice of dentistry after the act took effect, and lays special stress upon the words "shall begin," in support of the contention, and insists that unless those words be totally disregarded, contrary to the expressed legislative intention, a person who had practiced dentistry, even illegally, before the passage of the act under consideration, cannot be subjected to the penalty therein provided. Penal statutes are to be strictly construed, but not with such technicality as to defeat their purpose and the clearly expressed intention of the lawmakers. The act clearly provides a penalty for any person practicing dentistry "unless previously registered or licensed to practice dentistry in this State," and to hold that the legislature, by the use of the words "shall begin," intended to grant immunity from punishment to persons who had been practicing dentistry unlawfully prior to and at the time the act took effect, would be wholly unwarranted and a very narrow and technical construction. The plaintiff in error not having been previously registered or licensed to practice dentistry in this State is within the terms of the statute and subject to its penalties. *People* v. *Langdon,* 219 Ill. 189.

The position of the plaintiff in error that the court erred in overruling his motion to require the State to elect upon which count of the information trial would be demanded is without merit. The information, in each of the several counts thereof, charged the plaintiff in error with practicing dentistry, without a license, upon some particular person therein named. In prosecutions for misdemeanors several distinct offenses of the same kind, requiring punishment of a like nature, may be joined in separate counts of the same pleading. (*Kroer* v. *People,* 78 Ill. 294; 10 Ency. of Pl. & Pr. 549.) The reason of the rule against joinder of counts is, that such joinder may perplex the prisoner in his

defense, or prejudice him in his challenge of the jury, or cause confusion in the infliction of punishment. There could have been no such effect here, for each of the counts in the information was of the same nature, and they all related to the unlawful practice of dentistry and called for the same character and extent of punishment.

The information charged that the plaintiff in error, on the first day of October, 1905, unlawfully practiced dentistry. The proof showed that the plaintiff in error performed certain dental work in August and September, 1905, and it is urged this variance is fatal, and that the court should have peremptorily instructed the jury to find the plaintiff in error not guilty. When the time of the commission of an offense is not of the essence it need not be precisely laid, and it is sufficient if it be laid at any time before the filing of the information and within the period of limitation. Proof that the offense was committed on any day within the period of limitation and before the information was filed was sufficient, and a conviction thereon could be pleaded in bar of any other information or indictment for the same offense alleged to have been committed on any day within that time. *Koop* v. *People,* 47 Ill. 327.

The objections of the plaintiff in error to the eight instructions given for the People are disposed of by what has already been said.

Instructions Nos. 2 and 3 asked by the plaintiff in error were properly refused by the court. Instruction No. 2 told the jury that the defendant could not be found guilty "unless the jurors are able, upon their conscience, to say that the evidence before them by the State or People adduced is sufficient to show, beyond a reasonable doubt, the existence of every fact necessary to constitute the crime charged." Instruction No. 3, in part, stated, "he is not required to prove himself innocent or to put in any evidence at all upon that subject." These instructions placed the burden of proving that the plaintiff in error did not have a license to practice dentistry

upon the prosecution, and were for that reason incorrect. Whether the plaintiff in error was licensed to practice dentistry in the State of Illinois was a matter of defense which devolved on him to establish. Where the subject matter of a negative averment lies peculiarly within the knowledge of the defendant, the averment, unless disproved by the defendant, will be taken as true. Such is the rule in all prosecutions for the doing of an act which the statute prohibits to be done by any person except those who are duly licensed. (*Noecker* v. *People,* 91 Ill. 468; *Williams* v. *People,* 121 id. 84.) In addition to that, the doubt which works an acquittal is not as to some particular fact, but as to the guilt or innocence of the defendant on the whole of the evidence, as we have frequently held.

It is insisted that said act of July 1, 1905, contravenes sections 1 and 2 of article 2 and section 22 of article 4 of the constitution of the State of Illinois, and section 1 of article 14 of the amendments to the constitution of the United States. That legislation prescribing regulations for securing the admission of qualified persons to professions and callings demanding special skill is within the valid exercise of the police power of the State is not a mooted question, (*Williams* v. *People, supra,*) and that the practice of dental surgery requires special skill and training will not be denied by any one.

It is insisted that section 3 of the act of 1905 is unreasonable in that it makes all residents of this State ineligible to take any examination before the State Board of Dental Examiners who cannot present a diploma from some dental or medical college or university, whereas it makes eligible the citizens of other States and countries to take such examination without having any said diploma, and that it also contravenes section 22 of article 4 of the constitution of 1870, which provides that "the General Assembly shall not pass local or special laws granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever." The portion of section 3 which is attacked

is as follows: "Application from a candidate who desires to secure a license from said board to practice dentistry or dental surgery in this State shall be accompanied by satisfactory proof that the applicant so applying for a license has been engaged in the actual, legal and lawful practice of dentistry or dental surgery in some other State or country for five consecutive years just prior to application; or is a graduate of and has a diploma from the faculty of a reputable dental college, school or dental department of a reputable university; or is a graduate of and has a diploma from the faculty of a reputable medical college or medical department of a reputable university, and possesses the necessary qualifications prescribed by the board."

The Dental act of 1881 provided that every person engaged in the practice of dentistry should, within six months from the passage of the act of 1881, cause his or her name to be registered with the State Board of Dental Examiners, and that every person so registered could continue to practice his profession of dentistry. All other persons beginning the practice of dentistry after 1881 were required to procure a license from the State Board of Dental Examiners. It is therefore apparent that a person could not have lawfully practiced dentistry before the passage of the act of 1905 in this State without being registered or having procured a license from the State Board of Dental Examiners. Persons who have lawfully practiced dentistry in this State prior to the passage of the act of 1895 are excepted from the operation of the statute, as appears from part of section 3 of the act of 1905 hereinbefore quoted.

The requirement of the statute that an applicant to take the State dental examination shall produce a diploma from some dental college, school or dental department of a reputable university or shall be a graduate of and have a diploma from some reputable medical college, with the exception in favor of all applicants who have been engaged in the "actual, legal and lawful practice of dentistry or dental surgery in

some other State or country for five consecutive years just prior to application," does not render the act obnoxious to the objection that it violates section 22 of article 4 of the constitution. The legislature had the power to prescribe what qualifications would be required of those desiring to practice dentistry in this State and in what manner those qualifications should be determined. (*Williams* v. *People*, *supra.*) The provision allowing persons who had been engaged in the legal practice of dentistry for five consecutive years in another State or country to become applicants for permission to practice in this State is only a qualification prescribed by the legislature as a prerequisite to practice in this State, and one which they regarded as sufficient and no doubt equivalent to the qualification placed on the other applicants of producing a diploma of some reputable dental school or college.

Section 4 of the act of 1905 is attacked on the ground that it confers on the State Board of Dental Examiners the unlimited right to determine the reputability of all dental schools, colleges and departments of universities from which a diploma will be accepted; that it grants them arbitrary powers, and that said board may establish unreasonable rules and regulations. Section 4 is as follows: "Said board of dental examiners shall make rules or regulations to establish a uniform and reasonable standard of educational requirements to be observed by dental schools, colleges or dental departments of universities, and said board may determine the reputability of those by reference to their compliance with said rules or regulations." This section confers on the board of examiners the right to make such reasonable rules and regulations as in their judgment and discretion are deemed necessary, and a like discretion to determine what is a reputable dental college or school by reference to the standard of educational requirements adopted by the board. No arbitrary powers are granted. The enactment requires the rules to be reasonable. Whether the rules and regulations of the

dental board are uniform and reasonable and in accordance with the law is a question the courts will decide when that question is presented to them. We cannot presume that the powers granted by said section 4 will be abused or the law disobeyed. If the discretionary powers granted by said section 4 are exercised unreasonably or with manifest injustice, as the plaintiff in error contends they will be, the person aggrieved has recourse to the courts. *Illinois State Board of Dental Examiners* v. *People,* 123 Ill. 227.

Section 5 of the Dental act of 1905 prescribes what persons shall be regarded as practicing dentistry, which is followed by the proviso: "*Provided,* that nothing in this act shall be so construed as to prevent regularly licensed physicians or surgeons from extracting teeth. Further, this act shall not prevent students from performing dental operations under the supervision of competent instructors within a dental school, college or dental department of a university recognized as reputable by the Illinois State Board of Dental Examiners." It is insisted that this is class legislation, prohibited by said section 22 of article 4 of the constitution, in that it purports to give physicians and surgeons the right to practice dentistry without a license. The clear reading of the statute is that it shall not be "so construed as to prevent regularly licensed physicians or surgeons from extracting teeth." The reason for the exception is obvious, and that it is not class legislation is too clear to require serious consideration.

The constitutionality of section 5 is also assailed because it exempts from the operation of the statute students performing dental operations under the supervision of competent instructors within a dental school, college or dental department of a university recognized by the board of dental examiners as reputable. If a law is general and uniform in its operation upon all persons in like circumstances it is general, in a constitutional sense. But it must operate equally and uniformly upon all brought within the relation and cir-

cumstances for which it provides. (*Hawthorn* v. *People*, 109 Ill. 302; *People* v. *Cooper*, 83 id. 585.) It is open to every person to bring himself within the terms of this provision. The reason for exempting students in reputable schools from the penalty prescribed by the act is, that the public good and welfare are sufficiently protected by the fact that the student is at all times under the care, supervision and control of competent instructors. In *State* v. *Vandersluis*, 42 Minn. 129, the Supreme Court of Minnesota said: "It is claimed, also, that it discriminates between students of dentistry by allowing them to operate upon the teeth and jaws during the period of their enrollment in a dental college and attendance upon a regular, uninterrupted course in such college, and excluding others. The purpose of this provision of the law is apparent. It is to permit only actual, *bona fide* students the benefits of practical work under an instructor. But to prevent evasions of the law by persons practicing the profession under the pretense of being students, the act very properly defines who shall be regarded as students within the clause allowing them to perform operations or parts of operations. It is open to every student to bring himself within the definition."

Plaintiff in error insists section 7 of the act of 1905 is invalid for the reason it purports to confer upon the State Board of Dental Examiners an unlimited right of discretion in the granting of and revoking of licenses to practice dentistry. This contention is amply disposed of by what we said in *Williams* v. *People*, 121 Ill. 84, on page 90: "Plaintiff in error has no grievance in this respect. He has not had any certificate revoked, has never received a certificate or been licensed to practice, and if in this particular the act could be. regarded as unconstitutional, we would not hold the entire act for that reason to be void, or to be so in so far as it bears upon the plaintiff in error."

It is further urged that under section 11 of the act the county court had no power to commit the plaintiff in error

to jail, there to remain until the fine and costs are fully paid. Said section 11 provides that any person convicted for any violation of the provisions of the act shall be fined for each offense not less than $50 nor more than $200, and that all fines imposed and collected under the act shall be paid to the Illinois State Board of Dental Examiners for its use. Section 14, division 14, of the Criminal Code is as follows: "When a fine is inflicted, the court may order, as a part of the judgment, that the offender be committed to jail, there to remain until the fine and costs are fully paid or he is discharged according to law." This is a general statutory provision, and applies to the convictions under the statute here under consideration.

The judgment must be and is affirmed.

*Judgment affirmed.*