## BOLTON *v.* McKINLEY.

If a party has joined in the errors assigned, he cannot have an appeal dismissed, because the record should have been brought to the Supreme Court by writ of error, instead of by an appeal.

· THIS was an appeal from a judgment of the Circuit Court pronounced upon a feigned issue, raised to try certain questions in relation to a judgment theretofore rendered upon a cognovit.

The verdict of the jury was in favor of setting aside the judgment, and that court accordingly set it aside. The plaintiff who had obtained the primary judgment upon the cognovit, prayed an appeal to this court. The appeal, on motion, was dismissed, for the reason that the proper proceeding to bring the cause to hearing in this court was by writ of error, and that an appeal would not lie. Subsequently, the appellant moved to reinstate the appeal and revoke the order of dismissal, because, prior to the motion to dismiss the appeal, errors had been joined.

*Per Curiam.* The appeal will be reinstated; after joinder in error, it is too late for a party to deny the jurisdiction of this court; his submission to it, by appeal, will give us power to enforce our judgment; and although a writ of error would have been the proper mode of submitting the questions involved in this record to our consideration, it is now before us by appeal, recognized as proper by the action of the appellee by joinder in error, and as he has assented to our taking jurisdiction by this process, we must hold him to his promise and obligation.

*Motion to reinstate allowed.*