JOSEPH MOHLER, Appellant, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, Appellees.

### APPEAL FROM MADISON.

This indictment is indorsed "A true bill, George S. Rice, Foreman," while the record shows that another person was appointed foreman of the grand jury. In the absence of anything on the record to negative the supposition, this court will intend that the first foreman was discharged, and Mr. Rice appointed in his place.

A criminal case cannot be brought to this court, except by writ of error.

A count in an indictment, which charges an offense in the terms and language of the code, is sufficient.

THIS was an indictment tried in the Madison Circuit Court, before SNYDER, Judge. The facts are sufficiently stated in the opinion.

F. S. RUTHERFORD, and J. H. SLOSS, for Appellant.

W. B. WHITE, for Appellees.

BREESE, J. We do not find any one of the errors assigned, to exist in the record. In the *placita*, is this statement: " This day came the grand jury into court, and return as true, a bill of indictment in the following cases, to wit :" Among these cases is a bill entitled, " *The People* v. *Joseph Mohler*—Indictment for keeping a disorderly house." The record then contains a copy of this indictment, indorsed on the back, " A true bill, George S. Rice, Foreman," with the names of the witnesses, on whose testimony it was found.

The court quashed the second count, and a trial was had on the first count, for keeping a disorderly house, and though the evidence was slight, it tended to prove the guilt of the defendant. We cannot say it was not sufficient to satisfy the jury.

There are no reasons urged for arresting the judgment, other than those on the motion to quash, and as they were applied to

the insufficiency of the first count, we think the court properly disposed of the motion, as that count is in the very terms and language of the code, and describes the offense so that it could be understood by the jury.

The fact that the indictment is indorsed by George S. Rice, foreman, whilst the record of the impanneling the grand jury shows the appointment of another person as foreman, cannot avail. The whole record of the court is not set out, and we will intend, that the first appointee was discharged by the court, and Mr. Rice appointed.

We would remark here, that this case comes here by appeal—a mode not allowed by our statute. A criminal case cannot be got into this court, except by writ of error. There is no other mode recognized, but as the State's attorney has made no objection, we have considered the case on the merits, and affirm the judgment.

*Judgment affirmed.*