## JOSEPH WARD

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Gaming—Sec. 127, Criminal Code—Indictment—Sufficiency of—Charge in Words of Statute—Evidence—Instructions.*

1. It is sufficient in an indictment to charge the offense in question in the words of the statute.

2. In the case presented, it is *held:* That it is sufficient under Sec. 127, Criminal Code, to charge in the indictment that the defendant " did then and there unlawfully permit persons to come together to play at a game for poker chips," etc., without alleging that such persons did actually play at said game; that the evidence justifies the finding of the jury that the defendant had knowledge of the illegal purpose for which his premises were used; and that the words, " or his agent," in one of the instructions, referred to the occupancy of the building and could not have misled the jury.

[Opinion filed June 7, 1887.]

IN ERROR to the County Court of White County; the Hon. J. R. WILLIAMS, Judge, presiding.

At the August term of 1886 of the White County Circuit Court, an indictment was presented against the plaintiff in error under the 127th Section, R. S., 1874, of the Criminal Code, which was certified to the County Court for process and trial under the statute. At the November term of the County Court the plaintiff entered his motion to quash the indictment, which was overruled by the County Court, when he pleaded not guilty and a trial was had before the court and jury, resulting in a verdict of acquittal upon the first count of the indictment, and of guilty upon the second count.

The second count charged in substance : That the said Joseph Ward, late of the County of White, and State aforesaid, on the tenth day of July, in the year of Our Lord one thousand eight hundred and eighty-six, at and in the county aforesaid, in a building there situate and then and there used and occupied by him, the said Joseph Ward did then and there unlawfully, knowingly and wilfully permit persons to

come together to play at a game for poker chips, being then and there valuable things and of the value of twenty-five cents each.

After overruling the motion for a new trial and in arrest of judgment, the court sentenced the defendant below to pay a fine of $100 dollars and costs, and he brings the case to this court.

Messrs. Ross, GRAHAM and B. S. ORGAN, for plaintiff in error.

Mr. JOHN W. HON, State's Attorney, for defendant in error.

PILLSBURY, J. As the plaintiff in error was acquitted of the offense charged in the first count, it is not before us for examination upon the motion to quash. The objection urged to the second count is that it is not alleged that the persons coming together for the purpose of playing at a game, did actually play at such game for any valuable thing. This indictment was based upon section 127 of the Revised Statutes, which, so far as affects this case, provides that " whoever in any building * * * by him, or his agent, used and occupied, procures or permits any person to frequent or come together to play for money or other valuable thing at any game, * * * shall, upon conviction, for the first offense be fined not less than $100," etc.

The offense under this clause of the statute consists in procuring or permitting persons to frequent or to come together to play any game for money or any valuable thing, and it is not an essential element of the offense that the persons, after meeting for such unlawful purpose, should actually play at such games. Proof of playing, with the consent of the occupier of the building, after they came together, would be strong evidence that he permitted them to meet for that purpose, but such proof of playing is not indispensable to establish the guilt of the defendant. The count in the indictment upon which the defendant was convicted charges the offense in the words of the statute, which, under the Criminal Code, section 468, and repeated decisions of our Supreme Court, is sufficient. Moh-

ler v. People, 24 Ill. 26; Lyons v. People, 68 Ill. 271; Morton v. People, 47 Ill. 468. The indictment in the case of Stoltz v. The People, 4 Scam. 168, was nearly identical with the present one in charging the offense, and was held good by the Supreme Court.

No objection is urged to the action of the court in admitting or rejecting offered testimony nor in giving or refusing instructions; the only assignment of error other than the one above noticed, relied upon for reversal, being that the verdict is against the law and the evidence.

It was admitted on the trial below, by the defendant, that he occupied and controlled the building in question, which appears from the evidence to be divided into three rooms, the front one being used as a liquor saloon, the second as a storage room for barrels, and the third, or rear one, had in it a table and several chairs, and it is claimed by the people that this room was used for the purpose of gambling. The proof is clear that parties did meet in this room very frequently and played poker, using chips which were redeemed by the agent or barkeeper of the defendant, and that the chips were valued and redeemed, some for ten cents each and some for fifty cents. There is no direct and positive testimony that the defendant was in the saloon or building when these games were being played, although one witness states that his best recollection is that he was there on one occasion attending bar.

In this state of the record, it is urged in his behalf that there is no sufficient evidence that the defendant knew that parties were gambling in his building, or that he permitted them to meet there for that purpose. When he admits that he was in possession and control of the various rooms in the building, and it appearing that he owned the saloon and carried on the liquor trade as a business in the building, it can scarcely be supposed that he did not know for what purpose one of his rooms was being used. He must certainly have known that the rear room was furnished with a table and chairs for some purpose, and he, owning them, it is not a violent presumption that he placed them or had them placed there for the use of persons occupying the room. It does

appear that the room was used very frequently for gaming and the record is entirely silent as to any other use being made of it during the time that it is charged that the gambling was carried on there, a period of some three months. The defendant did not attempt to explain away these incriminating facts and circumstances, nor does he deny that he knew that gaming was being practiced in his building. We think, from the facts proven, the jury were clearly justified in their finding that he had knowledge of the illegal purpose for which his premises were used by his barkeeper. Having knowledge that gaming was being practiced on his premises, it was his duty as a law abiding citizen to have prevented it, and if he did not, that fact is sufficient proof that he allowed it and permitted persons to come together for that illegal purpose.

It appears from the record that after the jury had been considering the case for several hours, they were, at their own request, recalled, and then inquired of the court whether the words, " or his agent," appearing in the first instruction for the people, in an interlined and blurred condition, were to be treated as a part of the instruction, and the court then re read the instruction as including those words. While no objection is taken to the instruction as read, it is said that the jury must have understood that those words in the instruction made the defendant liable for the acts of the agent in permitting gambling although he might be entirely ignorant of it. We can not believe the jury were thus misled. The instruction is in the words of the statute and the words, " or his agent," had direct reference to the occupancy of the building and not to the commission of the offense by the agent.

The instruction informed the jury that the defendant must have permitted persons to come together to play in a building occupied by himself or his agent before they could convict, and from this no intelligent juror could suppose that the court intended to say that the defendant could be found guilty from the fact alone that his agent allowed them to do so.

The entire record considered, we are satisfied no error has been committed and therefore affirm the conviction.

*Judgment affirmed.*