MICHAEL SWEENEY

*v.*

THE CHICAGO TELEPHONE COMPANY.

*Announced orally December 13, 1904.*

EMINENT DOMAIN—*a condemnation proceeding cannot be reviewed by writ of error.* Condemnation of private property for public use under the Eminent Domain act is a special, statutory and summary proceeding, which may be reviewed by appeal, as provided by the act itself, but not by writ of error, the right to the writ not being expressly given by the statute.

MOTION to dismiss writ of error.

STORY & STORY, for plaintiff in error.

HOLT, WHEELER & SIDLEY, for defendant in error.

Mr. JUSTICE CARTWRIGHT announced the opinion of the court:

In this case the plaintiff in error, Michael Sweeney, sued out a writ of error from this court to the county court of Lake county to review a proceeding in vacation before the judge of that court, on petition of the defendant in error, the Chicago Telephone Company, to condemn a right of way for its telephone line. The defendant in error has moved to dismiss the writ of error on the ground that the judgment can not be reviewed by that means.

The proceeding was in vacation under the provisions of the Eminent Domain act, and that act makes no provision for review of the record by means of a writ of error; neither is there any other statute which gives the right to a writ of error in such a case. Section 12 of the Eminent Domain act provides for an appeal to this court, and there is no provision for prosecuting a writ of error. That the omission was in-

tentional is clearly shown by the provisions of the act. Upon
the return of the verdict the petitioner may either dismiss the
petition before judgment, or appeal therefrom or make pay-
ment of the compensation within the time fixed by the order
of the court. Section 13 provides that in case of appeal the
petitioner shall have the right to enter upon the property and
the use of the same, upon entering into a bond securing to
the property owner the compensation to be finally adjudged
in the case. If a writ of error is available to either party it
is necessarily available to both, and it would not be thought
that the petitioner could enter upon the use of property con-
demned, and after occupying it for any period within five
years sue out a writ of error to reverse the judgment. It is
clear that the legislature did not intend that the judgment
should be reviewed except by appeal. Article 9 of the City
and Village act, and the Local Improvement act, recognize
the right to a writ of error in a condemnation proceeding;
but whatever the effect of such recognition may be, it does
not confer the right in this class of cases.

There being no statute which permits a party to a con-
demnation proceeding to have the record reviewed by a writ
of error, if it can be prosecuted at all it must be because the
right to a writ exists apart from any statute authorizing it.
A writ of error is a writ of right in all cases which are prose-
cuted according to the course of the common law; but it is
not a writ of right in any special statutory proceeding. The
condemnation of private property for public use under the
Eminent Domain act is a special, statutory and summary
proceeding. It may be prosecuted in vacation before the
judge, or in term time, in accordance with the provisions of
the act, which amount to a code of practice for that class of
cases. The proceeding is regulated entirely by the statute,
and is not governed, either as to pleading or practice, by the
rules of the common law. The proceeding under the statute
is summary, for the purpose of having the compensation as-
certained and having the property condemned appropriated

to the public use without delay. Being of that nature, there is no right to a writ of error unless expressly given by statute. The motion will therefore be allowed and the writ dismissed.

*Writ dismissed.*