Loomis v. Hodson.

## L. M. Loomis, et al., v. Robert Hodson, et al.

### Gen. No. 4,488.

1. WRIT OF ERROR—*when, of right.* A writ of error is only a writ of right in cases which are prosecuted according to the course of the common law.

2. WRIT OF ERROR—*when does not lie.* A writ of error does not lie from a judgment of the County Court entered in a contest with respect to the location of a county seat; the judgment of the County Court is final.

Petition to remove county seat. Error to the County Court of Henderson County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the April term, 1905. Writ of error dismissed. Opinion filed August 1, 1905.

BERRY, McCRORY & KELLEY, APOLLOS W. O'HARRA and W. C. IVINS, for plaintiffs in error.

SAFFORD & GRAHAM and I. N. BASSETT, for defendants in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

In a proceeding in the County Court of Henderson. County, to obtain the removal of the county seat from the village of Oquawka to the village of Stronghurst, the litigated question was whether Stronghurst was nearer the center of the county than Oquawka, whether a mere majority or three-fifths of the votes cast were necessary to effect a removal depending upon that question. The controversy was caused by the irregular course of the Mississippi river, the western boundary of the county. On September 6, 1904, the County Court (a circuit judge presiding) determined that Stronghurst was not nearer the center than Oquawka, and ordered that the question of such removal be submitted to the voters on the second Tuesday after the first Monday of November, 1904. On December 3, 1904, the trial judge signed a bill of exceptions containing the evidence heard at the trial and exceptions to certain rulings of the court. Thereafter the petitioners for removal sued out a writ of error from this court to review said order of September 6, 1904. Defendants in error moved to dismiss the writ of error, and that motion was taken with the case.

Section 7 of the Act for the Removal of County Seats, provides as follows: " All cases of contests arising upon said petitions or affidavits shall have precedence over all other cases at the September term of said court, and shall be heard and determined at said term, and the decision of the County Court shall be final." That language excludes a writ of error as well as an appeal, for if the decision of the County Court can be reviewed by writ of error, then it is not necessarily final. It is argued a writ of error is a writ of right, and that the legislature has no power to deprive a party thereof. A writ of error is a writ of right in all cases which are prosecuted according to the course of the common law, but not in any special statutory proceeding, unless, in some cases, where it involves property rights or personal liberty. Sweeny v. Chicago Telephone Co., 212 Ill. 475. A county seat could not be removed by legal pro-

ceedings at common law. The procedure here provided is entirely the creation of the statute. There are several statutory proceedings in this State, relating to highways, drainage and other subjects, where the statute makes the judgment of an inferior tribunal final, and we do not recall that in any such case a review of such a judgment by writ of error has ever been permitted. In many such cases the record of the inferior court has been brought before a superior tribunal by a common law writ of *certiorari*, to determine whether the inferior tribunal had exceeded its jurisdiction or proceeded illegally, and the very ground for employing the writ of *certiorari* was that no appeal was allowed or other mode provided by law for reviewing the proceedings. In Kinsloe v. Pogue, 213 Ill. 302, this principle was applied to a proceeding in the County Court for the removal of a county seat, and the issue of a writ of *certiorari* was there sustained on the ground that the record could not otherwise be reviewed. We regard that case as decisive that the record of the County Court in proceedings for the removal of a county seat cannot be reviewed by writ of error. The legislature has seen fit to commit the final decision of the facts to the County Court in such cases. The argument that so great a power ought not to be given to one judge should be addressed to the legislature, which may lodge where it sees fit exclusive or final jurisdiction of special statutory proceedings.

The writ of error is dismissed.

*Writ of error dismissed.*