(No. 14629.—Writ dismissed.)
Hugh A. Mason *et al.* Plaintiffs in Error, *vs.* M. F. Browner *et al.* Defendants in Error.

*Opinion filed June 21, 1922.*

1. DRAINAGE—*writ of error does not lie to review proceeding to abolish district—joinder in error.* A writ of error does not lie from the Supreme Court to the county court to review a proceed-ing to abolish a drainage district, but if no objection is made and there is a joinder in error the Supreme Court may treat the writ of error as an appeal and review the case. (*Boston* v. *Kickapoo Drainage District,* 244 Ill. 577, *Deneen* v. *Deneen,* 293 id. 454, and *Wetaug Drainage District* v. *Illinois Central Railroad Co.* 297 id. 350, explained.)

2. APPEALS AND ERRORS—*when Appellate Court cannot transfer cause to Supreme Court.* The Appellate Court has no authority, under section 102 of the Practice act, to transfer to the Supreme Court a proceeding which the latter court is without jurisdiction to review, but in such case the Appellate Court, if it is without jurisdiction, should dismiss the writ of error.

WRIT OF ERROR to the County Court of Pulaski county; the Hon. A. L. SPILLER, Judge, presiding.

DANIEL HOGAN, JR., (WALTER T. GUNN, of counsel,) for plaintiffs in error.

· GILBERT & GILBERT, C. S. MILLER, CHARLES L. RICE, and GEORGE E. MARTIN, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiffs in error filed their petition in the county court of Pulaski county for abandonment of the Mounds Drainage District, under section 44 of the Levee act. (Hurd's Stat. 1921, p. 1225.) Motions to strike the petition from the files were made by the commissioners of the district and also by certain alleged creditors of the district. The motions were allowed, and plaintiffs in error prayed an appeal to the Appellate Court, which was not perfected. They have sued out a writ of error from the Appellate Court to the county court, and the Appellate Court transferred the cause to this court.

The Appellate Court held that drainage districts are solely creatures of the statute and the statute as to such districts must be followed both in their organization and abandonment. (*Bissell* v. *Edwards River Drainage District,* 259 Ill. 594; *Wetaug Drainage District* v. *Illinois Central Railroad Co.* 297 id. 350.) The Appellate Court referred in its opinion to the opinion of this court in the *Wetaug Drainage District case,* which held that a proceeding to organize a drainage district is purely statutory and that a writ of error is not a writ of right, and that one suing out a writ of error must be able to point to a statute creating the right, and that no such statute was pointed out in that case, and that therefore the writ of error was dismissed, citing *Loomis* v. *Hodson,* 224 Ill. 147, and *Cataldo* v. *Ostiuso,* 253 id. 138. (See, also, to the same effect, *Sweeney* v. *Chicago Telephone Co.* 212 Ill. 475.) The Appellate Court, however, did not dismiss the writ of error sued out of that court but transferred the cause to this court. This

was apparently because this court in *Boston* v. *Kickapoo Drainage District,* 244 Ill. 577, and *Deneen* v. *Deneen,* 293 id. 454, had entertained writs of error from the county court where somewhat similar questions were involved with reference to abolishing drainage districts.

It is assumed by the Appellate Court in its opinion transferring this cause that there is a conflict on the question of jurisdiction of this court to review drainage cases in the opinions in *Boston* v. *Kickapoo Drainage District, supra,* and *Deneen* v. *Deneen, supra,* and that in *Wetaug Drainage District* v. *Illinois Central Railroad Co. supra.* We cannot agree that there is any conflict in the opinions of this court on this subject. It has been held that in cases under the Drainage act there can be an appeal from the county court to the Supreme Court. (*Kline* v. *Barnes,* 250 Ill. 404.) This court having jurisdiction in such matters by appeal, if a drainage case is brought here by writ of error and no motion is made to dismiss the proceedings and the defendants in error join in error in this court, the case will be considered as if it had been properly brought here by appeal. It has been a consistent rule of this court for many years that a criminal case should be brought to this court by writ of error, but if it is brought here by an appeal and the People join in error such case will be considered and decided by this court as if it had been brought here by writ of error. (*Mohler* v. *People,* 24 Ill. 26; *Dinet* v. *People,* 73 id. 183; *Graff* v. *People,* 208 id. 312.) Many years ago it was held by this court in a civil proceeding, (*Ryan* v. *Anderson,* 24 Ill. 652,) that where the parties by agreement bring the case to this court by appeal and error is the appropriate remedy the court will decide the case on the merits, the opinion stating: "The court having jurisdiction of the subject matter, consent will give jurisdiction over the person. By agreement these parties are properly in court. Although error was the appropriate mode of procedure to bring the parties before the court, yet the remedy does not

depend upon the process, and the agreement precludes the parties from taking advantage of the means adopted to bring them before this tribunal." The cases of *Boston* v. *Kickapoo Drainage District, supra,* and *Deneen* v. *Deneen, supra,* were both brought to this court by writ of error, and in each case the defendants in error joined in error in this court and did not raise any question as to the cause being improperly brought here by writ of error. It is clear, therefore, under the authorities just cited, this court had jurisdiction to decide the cases, and there is no conflict, direct or otherwise, between the rulings of the court in the *Boston* and *Deneen cases, supra,* in taking jurisdiction and deciding those cases, and the holding of this court in the *Wetaug case, supra.* Had a motion in either the *Boston case* or the *Deneen case* been made to dismiss the proceedings on the ground that the court was without jurisdiction because the case had been improperly brought here by writ of error, this court would have dismissed the case in accordance with the ruling in *People* v. *Johnson,* 285 Ill. 194.

The Appellate Court transferred the cause to this court, stating that it did so under the provisions of section 102 of the Practice act. (Hurd's Stat. 1921, p. 2472.) This section of the Practice act only authorizes the Appellate Court to transfer a cause to this court when this court has jurisdiction, and does not authorize it to do so when this court is without jurisdiction. We find no question raised on this record that in any way can give this court jurisdiction. The only question argued and discussed is as to the right to bring the cause to this court by writ of error, and it being urged by defendants in error that it was improperly brought to this court by writ of error, it must be held that the court is without jurisdiction to decide the case.

The writ of error will be dismissed.    *Writ dismissed.*