## B. Diamond and Louis Goldberg, Plaintiffs in Error, v. Piggly Wiggly Stores, Inc., and Piggly Wiggly Central Company, Defendants in Error.

### Gen. No. 29,173.

1. APPEAL AND ERROR—*filing briefs as joinder in error waiving objection to mode of review.* Where a writ of error is prosecuted by plaintiffs the filing of briefs by defendants is equivalent to a joinder in error and a motion to dismiss thereafter on the ground that an appeal, not a writ of error, should have been prosecuted comes too late, the rule applying in civil as well as in criminal cases.

2. SAVING QUESTIONS FOR REVIEW—*necessity of raising question in lower court.* Whether an oral assignment of a lease is void under the statute of frauds cannot be raised for the first time on appeal.

3. LANDLORD AND TENANT—*estoppel of purchaser of reversion to question breach of condition against oral assignment by acceptance of rent.* The purchasers of leased premises, by accepting rent from the occupant thereof, are charged with notice as to the name of such occupant and are estopped from questioning its right to occupy the premises on the ground that it received possession by an oral assignment from the original lessee in violation of the terms of the lease.

Error by plaintiffs to the Municipal Court of Chicago; the Hon.

HOWARD W. HAYES, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1924. Affirmed. Opinion filed January 26, 1925.

BROWN, ALSCHULER & REAGH, for plaintiffs in error.

McCORMICK, KIRKLAND, PATTERSON & FLEMING, for defendants in error; EHLERS ENGLISH, of counsel.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is a writ of error prosecuted by the plaintiffs, B. Diamond and Louis Goldberg, from a judgment in the municipal court of Chicago in favor of the defendants, the Piggly Wiggly Stores, a Virginia corporation, and the Piggly Wiggly Central Company, an Illinois corporation, in an action of forcible entry and detainer. The case was tried before the court without a jury.

A motion was made in this court on behalf of the defendants to dismiss the writ of error on the ground that a writ of error will not lie to review a judgment in an action of forcible entry and detainer; that appeal is the only mode of procedure by which such a judgment may be reviewed. The motion was reserved to the hearing of the writ of error. Without deciding the question whether a writ of error will lie to review a judgment in an action of forcible entry and detainer, a sufficient ground for delaying the motion is that it comes too late.

At the time that the motion was made the plaintiffs had filed their abstract and their briefs, and the defendants had filed their briefs.

The filing of their briefs by the defendants was the equivalent of a joinder in error. *Finlen v. Foster*, 211 Ill. App. 609, 620, 621; *McCormick v. Higgins*, 190 Ill. App. 241, 249; *Tobias v. Tobias*, 193 Ill. App. 95, 96.

And the rule is well established that after there

has been a joinder in error, a motion to dismiss a writ of error on the ground that an appeal and not a writ of error should have been prosecuted, or on the ground that a writ of error and not an appeal should have been prosecuted, comes too late. *Mason v. Browner*, 303 Ill. 511, 513, 514; *Dinet v. People ex rel. Pfirshing*, 73 Ill. 183, 184; *Ryan v. Anderson*, 24 Ill. 652; *Bolton v. McKinley*, 19 Ill. 404; *Dearth v. Bute*, 71 Ill. App. 487, 490, 491; *People v. Rudorf*, 149 Ill. App. 215, 216; *Ferrias v. People*, 71 Ill. App. 559, 561; *Bonner v. People*, 40 Ill. App. 628, 629.

Counsel for the defendants contend that the rule applies only in a criminal case, and is not applicable to a civil proceeding. The contention is not correct. The rule has been recognized in civil as well as in criminal cases. *Mason v. Browner, supra; Ryan v. Anderson, supra; Bolton v. McKinley, supra.* In the case of *Mason v. Browner, supra,* in speaking of the rule, the court said (p. 513):

"It has been a consistent rule of this court for many years that a criminal case should be brought to this court by writ of error, but if it is brought here by an appeal and the People join in error such case will be considered and decided by this court as if it had been brought here by writ of error. (*Mohler v. People*, 24 Ill. 26; *Dinet v. People*, 73 Ill. 183; *Graff v. People*, 208 Ill. 312.) Many years ago it was held by this court in a civil proceeding (*Ryan v. Anderson*, 24 Ill. 652) that where the parties by agreement bring the case to this court by appeal and error is the appropriate remedy the court will decide the case on the merits."

The motion made on behalf of the defendants to dismiss the writ of error is denied.

The facts in the case at bar are substantially as follows: The defendant the Piggly Wiggly Central Company leased the premises in question by a written lease from Robert J. McLaughlin, the owner of the premises. Robert J. McLaughlin died and his widow, Maude L. McLaughlin, became the owner of the prem-

ises. Hardin J. McLaughlin, the son of Maude L. Mc-
Laughlin, managed the property for his mother. The
defendant the Piggly Wiggly Central Company paid
the rent to Hardin J. McLaughlin. During the con-
tinuance of the lease the defendant the Piggly Wiggly
Central Company dissolved as a corporation by filing
a certificate of dissolution with the Secretary of State.
A representative of the defendant, the Piggly Wiggly
Central Company, named Field, had a conversation
with Hardin J. McLaughlin in which Field told Mc-
Laughlin about the dissolution of the defendant, the
Piggly Wiggly Central Company, spoke to McLaugh-
lin in regard to the assignment or transfer of the
lease, and asked McLaughlin if it would be agree-
able to him if a new tenant should take possession
of the premises. McLaughlin told him that as far
as he, McLaughlin, was concerned, it was. At the
time of this conversation the unexpired period of
the lease extended beyond a year. After the conver-
sation the defendant the Piggly Wiggly Store, In-
corporated, occupied the premises and paid rent to
Hardin J. McLaughlin. Subsequently the premises
were sold to Maximilian Malina and Julius Roth, and
the lease to the premises was assigned to them. The
defendant the Piggly Wiggly Stores, Incorporated,
paid rent to Malina. The premises were sold by
Malina and Roth to the plaintiffs, B. Diamond and
Louis Goldberg, and the lease to the premises was
assigned to the plaintiffs. The defendant the Piggly
Wiggly Stores, Incorporated, paid rent to the plain-
tiffs for two months, but after that time the plaintiffs
refused to accept rent.

The plaintiff Louis Goldberg testified that when
he and the plaintiff B. Diamond acquired the premises
the lease showed that "there was a Piggly Wiggly
store in operation on the premises"; that he, Gold-
berg, never "received any notice of any change of
possession so far as the occupation of these premises
are concerned."

The lease contained the following provision: "That the said lessee will not allow said premises to be * * * occupied in whole or in part by any other person, and will not assign this lease, without in each case the written consent of the lessor first had and will not permit any transfer, by operation of law, of the interest in said premises acquired through this lease."

Counsel for the plaintiffs contend that the oral assignment of the lease by McLaughlin to the defendant the Piggly Wiggly Stores, Incorporated, came within the statute of frauds and was voidable for the reason that the unexpired period of the lease at the time of the assignment extended beyond a year.

We do not think that the plaintiffs are in a position to rely on the statute of frauds, since the record does not show that the question of the statute of frauds was in any way brought to the attention of the trial court. The question cannot be raised for the first time on appeal. *Highley v. Metzger,* 187 Ill. 237, 243.

We recognize that it is not necessary to plead the statute of frauds in the municipal court, but the question should be presented to the court in some appropriate manner. 25 R. C. L., sec. 294, p. 743. We have examined both the abstract and the record, and we do not find that the question was raised by objections on the evidence, argument to the court, or otherwise. The only objection that was made by the trial attorney for the plaintiffs in regard to the assignment not being in writing was made during the direct examination of Hardin J. McLaughlin in the following connection:

"Q. Do you remember who it was that approached you?

"A. I am not positive, but I believe a man by the name of Field.

"Q. With whom was he connected? A. The Piggly Wiggly.

"Q. Do you know whether it was the Piggly Wiggly Central Company or Piggly Wiggly Stores Incorporated?

"A. He was connected with the Piggly Wiggly Central Company.

"Trial Attorney for the plaintiffs: I object to that.

"The court: With the owner of the property? Overruled.

"Trial Attorney for the plaintiffs: Yes, in view of the fact that an assignment of a lease should be made in writing."

The nature of this objection is shown by the remarks of the court in the following colloquy between the trial attorney for the plaintiffs and the court, which occurred at the conclusion of the evidence when the court was deciding the case:

"Trial attorney for the plaintiffs: Your Honor, I am willing to submit a brief on this point if there is any doubt in your Honor's mind.

"The Court: What could be the doubt when the previous owner of the premises told him verbally he would consent to the assignment of the lease? He can waive the written provisions of the lease, execute an arrangement with him, a verbal arrangement. There is no doubt about that being the law. An executed oral arrangement is just as binding as if it had been in writing."

We think it is clear that the objection of the trial attorney for the plaintiffs did not relate to the statute of frauds. The objection was based on the fact that the assignment was verbal and for that reason was void because it was in violation of the covenant in the lease that the lessee would not assign the lease without the written consent of the lessor. This objection is also urged on the present appeal.

The rule is well established that such a covenant is for the benefit of the lessor only; that it does not render a verbal assignment void but only voidable, and that a lessor may waive the covenant by accepting rent from the lessee and recognizing the lessee as a tenant. *Webster v. Nichols,* 104 Ill. 160, 171, 172;

*Sexton v. Chicago Storage Co.,* 129 Ill. 318, 333; *Mc-Connell v. General Roofing Mfg. Co.,* 187 Ill. App. 99, 107. To the same effect in principle are the following cases: *Vintaloro v. Pappas,* 310 Ill. 115, 117; *Johnson v. Northern Trust Co.,* 265 Ill. 263, 271; *Hopkins v. Levandowski,* 250 Ill. 372, 375. It is also the rule that where a lessor has waived a forfeiture of a lease, an assignee of the lessor cannot declare a forfeiture of the lease for causes of forfeiture which the lessor waived. *McConnell v. Pierce,* 210 Ill. 627, 634. Furthermore, the plaintiffs have expressly waived the right of forfeiting the lease by accepting rent from the defendant the Piggly Wiggly Stores, Incorporated. The plaintiffs are not relieved from the operation of the waiver because of the fact that the plaintiffs did not know that the defendant the Piggly Wiggly Stores, Incorporated, instead of the defendant the Piggly Wiggly Central Company was occupying the premises. Goldberg testified that he knew that "there was a Piggly Wiggly Store in operation on the premises at the time" the plaintiffs acquired the premises from Malina and Roth, but that he did not know that the Piggly Wiggly Stores, Incorporated, had succeeded the Piggly Wiggly Central Company. It is immaterial, however, whether the plaintiffs knew as a matter of fact that the Piggly Wiggly Stores, Incorporated, occupied the premises. The plaintiffs are, as a matter of law, charged with knowing that the Piggly Wiggly Stores, Incorporated, was their tenant when they accepted rent from that company.

For the reasons stated the judgment is affirmed.

*Affirmed.*

McSURELY, P. J., and MATCHETT, J., concur.